MISSOURI, KANSAS & TEXAS RAILWAY COMPANY ·OF TEXAS V.
POLK SCARBOROUGH.

Decided April 10, 1902.

1.—Limitations—Minor—Personal Actions—Statute Construed.

The Act of March 4, 1897, providing that actions for personal injuries shall
be brought within two years, although it contains no exception in favor of
minors and does not purport to be an amendment of the Revised Statutes, does
not have the effect of repealing that provision of the statutes of limitations
(Revised Statutes, article 3373) which allows to minors the statutory period
after attaining majority for bringing an action.

2.—Contributory Negligence—Railway Company—Burden of Proof.

Where plaintiff, a boy of 11 years, while standing on a skidway near de-
fendant's railway track, was struck by a timber projecting from a passing car,
the burden of proving contributory negligence was on the defendant, since no
presumption of negligence arises from plaintiff's standing on the skidway, which
belonged to a third person, at a point where he was free from danger, had the
car been properly loaded and operated, even though he were a trespasser on
the premises of such third person, which was not shown.

3.—Charge of Court—Abstraction—Harmless Error.

Erroneously charging a principle of law abstractly correct but not appli-
cable to the pleadings and facts of the case is harmless error where the abstrac-
tion is not carried into the paragraph which submits the questions of fact and
announces the principles of law·to be applied by the jury to the facts, if proven.

4.—Proximate Cause—Railway Company.

Where defendant was negligent in propelling its car over a track adjacent
to a skidway where it knew people were accustomed to resort, with a timber
projecting in such manner as to strike and injure one there and such injury
was done, it was immaterial that the evidence failed to show that defendant did
not use due care in loading the car.

5.—Railway Company—Negligence—Projections from Cars.

A railway company is responsible for injury done to persons who are where
they have a right to be and where the company might reasonably have expected
them to be, caused by the projection of anything from a car over where they
are standing.

6.—Personal Injury—Contributory Negligence—Minor.

Where plaintiff, when injured, was a boy about 11 years old, the court prop-
erly instructed the jury to consider his age and intelligence in determining the
issue of contributory negligence.

7.—Same—Evidence—Mortality Tables.

Where plaintiff's earning capacity was in part permanently impaired by the
injury, mortality tables were admissible in evidence for the purpose of deter-
mining the amount of damage sustained.

Appeal from Trinity. Tried below before Hon. J. M. Smither.

*Bean & Nelms, T. S. Miller,* and *Marshall Thomas,* for appellant.

*H. S. Robb* and *Ball, Dean & Humphreys,* for appellee.

ON MOTION FOR REHEARING.

NEILL, ASSOCIATE JUSTICE.—We have concluded to grant this
motion, and as the question of limitations alone was considered in our
former opinion, and as it will now be necessary to consider and determine

all other questions raised by the assignments, our prior opinion will be withdrawn.

This suit was brought by Polk Scarborough, a minor, by his next friend, against appellant to recover $20,000 damages for personal injuries alleged to have been inflicted upon him by the negligence of the company. The defendant answered by general and special exceptions, a general denial, and a plea of two years statute of limitations, and of contributory negligence. The trial resulted in a verdict and judgment in favor of plaintiff for $10,000.

*Conclusions of Fact.*—On the night of the 15th of September, 1898, just after dark, the appellee, Polk Scarborough, then a minor between 10 and 11 years of age, on his way home from Saron went upon and stopped on a skidway adjacent to a side track of appellant's railway, and while standing there, a sufficient distance from the track to allow cars properly equipped and loaded to pass without coming in contact with and injuring him, intently watching an engine switching cars, with his face turned in the direction the engine was going, he was struck in the back by a piece of timber or some other object projecting from the side of a car attached to the engine in such a way as to sweep the skidway, and knocked from where he was standing to the ground, and his left arm run over and cut off above the elbow by the wheels of the car; and he incurred other physical injuries from the blow inflicted by the projection and fall from the skidway.

The skidway was the property of William Cameron & Co., who maintained and operated a saw mill at Saron. It was not constructed upon appellant's right of way, nor did appellant have any control over it or right to prohibit or restrict the public or any individual from or in its use. It was constructed and used by the owners of the sawmill for the purpose of loading timbers on cars standing on the side track. It was in the nature of a platform, gradually sloping towards the railway track upon which skids were placed several feet apart for heavy timbers to be placed upon and slid down and upon the cars in loading. Its lower edge extended several car lengths along and parallel to the side track, and there was a space from six inches to two feet from the side of a car standing upon or passing along the track to the lower edge of the skidway, which is several feet above the floor of a flat or box car when upon the side track. When struck by the projection, the appellee was standing back about four feet from the edge. All persons were at liberty to go upon this skidway whenever they desired to do so, and there were no restrictions by the owners upon people in its use. It was used to work on, to stand on, and to walk on, by people frequently, and appellant and its servants operating and switching its trains and cars knew or by the exercise of ordinary care could have known that persons were frequently walking or standing upon it.

The car from which the timber or object projected was a stock car, constructed with lateral openings through which timber or other

material, if not properly loaded, could project. While the evidence is circumstantial, it is reasonably sufficient to show that the car was so loaded as to permit a piece of lumber to project through an opening on the side of the car and extend therefrom in such a way and a sufficient distance as to sweep the skidway as far as where appellee was standing. It was negligence in appellant to run a car thus loaded in such proximity to the skidway as to strike and knock therefrom a person thereon with the timber or any other object projecting in such a manner from the car. This negligence of appellant was the proximate cause of appellee's injury, and he was guilty of no negligence proximately contributing thereto. The appellant might reasonably have anticipated that some one might be on this skidway and injured by its negligence in the way appellee was on this occasion. In view of the fact that appellee was a mere child when injured, and will have to go through life, bearing its duties and burdens, with only one arm, we are not prepared to say that a judgment of $10,000 is more than will compensate him for the injury he has sustained by reason of appellant's negligence.

*Conclusions of Law.*—1. Appellee's petition alleges and the evidence shows that the injury for which the suit was brought was inflicted on the 15th day of September, 1898. His original petition was filed on the 18th day of February, 1901. The appellant specially excepted to it upon the ground that it appeared from its face it was barred by the statute of limitation. The exception was overruled, and upon the trial the jury were instructed to find against appellants on this plea upon the ground that plaintiff was a minor. The action of the court in refusing to sustain the exception and in charging the jury to find against the plea is assigned as error.

In our first opinion in this case, in our desire and effort to follow the decision of the Supreme Court in Voight v. Railway, 60 Southwestern Reporter, 658, in construing the Act of March 4, 1897, to prescribe the time when suits for personal injuries and for other injuries resulting in death shall be instituted, we reluctantly held that this assignment was well taken, and reversed the judgment of the District Court, and, upon the hypothesis that appellee's action was barred when instituted, rendered judgment in favor of appellant. We were not without grave doubts as to the correctness of our opinion at the time, but it seemed to us then to be a logical deduction from that of the Supreme Court in the case referred to. Since reading appellee's motion for rehearing, and considering it in the light of the able argument of his counsel supporting it, we have become satisfied that we were in error.

In the Voight case the question was whether an action brought on the 27th day of June, 1899, for a personal injury inflicted on the 19th day of August, 1897, was barred by the statute of limitation. When the injury occurred article 3353 of the Revised Statutes of 1895, which applied to actions of this character, was in force. On the 4th day of March, 1897, an act was passed by the Legislature and approved by the

Governor which fixed two years as the period of limitations in such actions. This act became a law on the 20th day of August of the same year. It was conceded by the Supreme 'Court for the purpose of its opinion that the cause of action accrued before the Act of March 4, 1897, took effect. But it was held that the act applied to existing as well as future causes of action, and that it could not be construed in connection with article 3377, Revised Statutes, and make article 3353 applicable to the time within which the action should have been brought, for the reason that the Act of 1897 was not passed as an amendment of that article. This is all that was decided in that case, and we do not and never have questioned the correctness of the opinion.

The question before us in this case is a different one entirely. It is: "Is an action for a personal injury inflicted upon a minor barred in two years by the Act of 1897, notwithstanding the minority of the injured party? Except in certain class of actions, to which this does not belong, it is provided by article 3373, Revised Statutes, that if one entitled to bring an action be, at the time his cause of action accrues, under the age of 21 years, such disability shall not be deemed a portion of the time limited for the commencement of the action, and that such persons shall have the same time after the removal of the disability as is allowed to others. This has been the law in Texas since March 17, 1841, when the Act of February 5th of that year took effect (Hartley's Digest, article 2390); and is the law now governing this case, unless the Act of March 4, 1897, in effect repealed it as to actions for injuries done to the person of minor.

The legislative intent, if it can be discerned, should be given a statute in its construction by the courts, and if the intention of the legislature is doubtful, such construction should be adopted as is most conformable to reason and justice. 23 Am. and Eng. Enc. of Law, 1 ed., p. 358. In conformity with these principles, whenever a statute is capable of two constructions, one which would work manifest injustice, and the other work no injustice, it is the duty to adopt the latter, as it will not be presumed that an injustice was within the legislative intention. Id., 361. Statutes not inconsistent with each other, which relate to the same subject matter, should be construed together, and effect given both, although they contain no reference to each other, and were passed at different times. As is said by the Supreme Court of Arkansas in McFarlane v. Bank, 4 Arkansas, 410, "It is the universal rule in the construction of statutes, and a settled maxim of the common law, that all acts passed on the same subject in pari materia must be construed together and made to stand, if capable of being reconciled. There is no exception to the universality of this rule." It is likewise said by the Supreme Court of this State that statutes in pari materia are to be taken and construed together, because it is to be inferred that they had one object in view, and are intended to be considered as constituting one entire and harmonious system. Sellman v. Wolfe, 27 Texas, 72.

In view of these well established principles, it would seem that the

only legislative intent discoverable from the Act of 1897 was to extend
the period of limitation in actions of this character from one to two
years. And though the act makes no reference to the Revised Statutes,
we can not believe that it was intended that a person having a cause of
action, laboring under the disability of minority, should be barred of
his right of action, if not brought within two years after it accrued. But
we believe that the Legislature had in mind the legislative enactment of
1841, carried into the Revised Statutes as article 3373, which gives
minors the right to bring actions of this character within two years after
the removal of their disabilities, and that such act should be construed
in connection with the provisions of the article referred to. We there-
fore hold that the court did not err in overruling appellant's exceptions
to plaintiff's petition, nor in instructing the jury to find against the de-
fendant on its plea of limitations.

2. To the general rule imposing upon the defendant the burden of
proving contributory negligence there seems to be two exceptions: (1)
Where the legal effect of plaintiff's allegations prima facie establishes
negligence on his part; and (2) where the undisputed evidence prima
facie establishes contributory negligence of the plaintiff as a matter of
law. If a case falls within the first exception it is incumbent on the
plaintiff to allege and prove such other facts as will overcome the legal
presumption of negligence; if under the second, then he must prove such
facts, when considered in connection with all the evidence, as will war-
rant the jury in finding he was not guilty of contributory negligence.
Railway v. Shieder, 88 Texas, 162. Does this case fall within either
exception? If it does, then the court erred, as is contended by appel-
lant, in instructing the jury that the burden was on the defendant to
prove contributory negligence by a preponderance of evidence. If it
does not, then the charge simply announces the general rule and is cor-
rect. We are unable to discover anything either in the plaintiff's plead-
ings or in the evidence that would take this case from the operation of
the general rule and bring it within either of the exceptions. Does any
presumption of negligence arise from the fact that the boy was standing
upon a skidway, where he was free from danger of appellant's cars, if
they were not negligently loaded or operated? True, the place where
he was standing did not belong to him; nor did it to the defendant.
If one is to be viewed in the light of a trespasser because he is on
premises not his own, and denied his remedy for an injury wrongfully
inflicted by another who has no interest nor control in the premises, few
actions for personal injuries could be maintained. He was not trespass-
ing on defendant's property, nor hindering or in any way interfering
with its business. To say that one can defend against his negligent
injury of the person of another, because the person when injured was a
trespasser upon the premises of a third party, would be the enunciation
of a doctrine foreign to reason and justice. But neither the pleadings
nor evidence tend to show that the plaintiff was even a trespasser against
the owner of the skidway. It may be he was guilty of some breach of

duty to his father or mother in not going directly home, and in stopping to watch the operation of appellant's switch engine. But this was no affair of appellant's and did not relieve it of the duty of so loading and operating its cars as not to injure a person standing on the skidway far enough from the side track to insure his safety from cars properly loaded and operated thereon; nor absolve it from the consequences of a breach of such duty. This case is not brought, by the pleading or evidence, within either of the exceptions stated to the general rule which fixes the burden of proving contributory negligence on the defendant.

3. The fifth paragraph of the charge states a principle of law which is abstractly correct, but not applicable to the pleadings and facts of this case. It is, however, a mere abstraction and not carried into the paragraph which submits to the finding of the jury the questions of fact raised by the pleadings and evidence and announces the principles of law to be applied by the jury to such facts, if proven. It is apparent, when the portion of the charge which submits the material issuable facts and the law applicable to them is considered, that the jury could not have been influenced nor the appellant prejudiced by the part of the charge embodied in appellant's sixth assignment of error.

4. Stripped of its redundancy of verbiage, the effect of the tenth paragraph of the charge is to instruct the jury that if persons, without restraint, were accustomed to resort to and stand upon the skidway, and appellant's servants knew or by the exercise of ordinary care could have known it was so used by the people, and propelled its car along the adjacent side track with a piece of timber projecting from its side far enough to endanger persons upon the skidway, and appellee was standing thereon when the car was so propelled, and was struck, knocked off, and injured by the projection, and if the running the car by appellant with the projection extending over the skidway was negligence, and such negligence the proximate cause of appellee's injury, then the appellant would be liable. This is the only part of the charge that permits the jury to find a verdict in favor of plaintiff, and it must be presumed, in favor of the verdict, that the jury found in favor of the plaintiff all the issues of fact submitted by it, and that the verdict excludes all other facts, save those relating to the measure of damages, and, necessarily, rests alone upon those submitted in this paragraph. The seventh assignment of error complains of this part of the charge upon the ground that it makes the appellee absolutely liable for the defect in loading the car whether reasonable care was used or not, or whether it knew or ought to have discovered such defects. It was propelling the car so loaded that a piece of timber or other substance projected from it as to sweep the skidway that proximately caused appellee's injury. As to whether its propulsion in this manner was negligence was the question to be determined, and not whether reasonable care was used in loading. In determining the efficient cause it is not required to go back and find out whether the cause which produced it flowed from the consequence of a

negligent act of the defendant. When the proximate cause of the injury is ascertained, and the facts constituting *that cause* are found to be negligent, all is done that reason and justice require. The chain of causation may be endless; its link which is the efficient and proximate cause of an injury complained of must be found and examined, but it is wholly unnecessary to take up and view the links of the chain preceding it. If then, as the jury found, the appellant was negligent in propelling its car over a track adjacent to a skidway where it knew people were accustomed to resort, with a piece of timber projecting in such a manner as to strike and injure one there, it is immaterial whether it was negligent or not in some preceding act.

Charged with the knowledge that members of the public were liable to be where they would in all probability be injured by projections from cars if propelled along its track, it was appellant's duty to save the public from such danger by seeing that the cars were free from such projections. Failing in this duty, it can not be heard to say that it did not know of the projection, or raise the issue, when it knew the safety of the public is imperiled by it, as to the degree of its negligence. One who fires a cannon so loaded that it will rake with chain shot a place where he knows people are liable to congregate can not, in defense of the injury he may have inflicted, be heard to say that he thought it was loaded with a blank cartridge and would do no harm. He should have known how it was loaded before he fired it.

That the law holds railway companies liable for injuries to a member of the public inflicted by projections from trains propelled along its road is well settled. Railway v. Gee, 27 Texas Civ. App., 414; Railway v. Davis, 58 S. W. Rep. (Ky.), 698; Dobiecki v. Sharp, 88 N. Y., 207; Sullivan v. Railway, 2 So. Rep., 586; Hicks v. Railway, 64 Mo., 430; Archer v. Railway, 106 N. Y., 589, 13 N. E. Rep., 318. The authorities all hold a railroad responsible to persons who are injured when they were where they had a right to be and where the company might reasonably have expected them to be, by the projection of anything from a car over where such persons were standing. Shearm. & Redf. on Neg., sec. 458. There is no error in the tenth paragraph of the charge of which appellant has any right to complain.

5. There was no error in the refusal of the court to give special charge number 4 requested by appellant. Its substance was given in paragraph 12 of the main charge. Besides, we think the evidence was not such as would authorize the special charge referred to.

6. Upon the issue of contributory negligence, it was proper for the court to instruct the jury to consider the age and intelligence of plaintiff at the time of the injury in determining such issue.

7. Our conclusions of fact dispose of the assignments as to the insufficiency of the evidence to support the verdict.

There is no error requiring a reversal of the judgment, and it is affirmed.

*Affirmed.*

It has recently been decided by the Supreme Court that where, as in this case, the capacity of the party injured to earn money is partially though permanently impaired for life, mortally tables are admissible in evidence for the purpose of determining the amount of damages sustained. Railway v. Mangham, 95 Texas, 413. We therefore hold that appellant's assignment complaining of the admission in evidence of such tables by the appellee is not well taken.

All other question presented have been fully considered and passed upon in the opinion by us in this case. The motion for a rehearing is overruled.

*Overruled.*

Writ of error refused.