GALVESTON, H. & S. A. RY. CO. v. MILLER. (No. 5730.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 6, 1916. Rehearing Denied Jan. 24, 1917.)

1. JURY ☞72(3) — SELECTION — ADDITIONAL JURORS.

Mingling jury wheel and additional jurors' names and so tendering them for selection of a trial jury is proper, though necessitating the challenging of additional jurors before the jury wheel names are exhausted, for Rev. St. art. 5167, requiring selection from jury list names before summoning additional jurors, refers to forming the weekly list and not a trial jury selection which is governed by articles 5202–5211.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 340–342, 347; Dec. Dig. ☞72(3).]

2. TRIAL ☞192—INJURY TO PASSENGER—INSTRUCTIONS—ASSUMING NEGLIGENCE.

An instruction, assuming defendant railway company's negligence, is proper, where plaintiff passenger was injured in a derailment unexplained by defendant.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 432–434; Dec. Dig. ☞192.]

3. DAMAGES ☞34 — AGGRAVATION BY MEDICAL TREATMENT.

Though plaintiff's injuries caused by defendant's negligence were aggravated by a surgical operation, he may recover damages for such aggravation, unless negligent in selecting his medical advisers, and it is immaterial whether the operation appeared necessary, or whether it was more beneficial than hurtful.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 43; Dec. Dig. ☞34.]

4. TRIAL ☞260(1) — INSTRUCTIONS COVERED BY OTHERS.

A requested instruction was properly refused when covered by other instructions.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 651; Dec. Dig. ☞260(1).]

5. DAMAGES ☞216(8) — INSTRUCTIONS — PERSONAL INJURY—PROSPECTIVE DAMAGES.

In an action for permanent personal injury a requested instruction to allow no conjectural damages for impairment of physical condition is properly refused, since prospective damages, where the injury is permanent, is necessarily uncertain.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 553; Dec. Dig. ☞216(8).]

6. DAMAGES ☞100 — PERSONAL INJURIES — EARNING CAPACITY.

In estimating plaintiff's impairment of earning capacity, his life expectancy should be estimated upon his condition before, and not after, the injury.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 237–241; Dec. Dig. ☞100.]

7. DAMAGES ☞216(7) — INSTRUCTIONS — PERSONAL INJURIES.

In an action for permanent personal injury a requested instruction, limiting plaintiff's recovery to items of damage mentioned in a certain paragraph of the main charge, which did not mention plaintiff's right to recover for future mental and physical pain, to which he was entitled, was properly refused because it excluded proper elements of damage, and also contradicted an instruction, given at appellant's request, authorizing recovery for such pain.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 552; Dec. Dig. ☞216(7).]

8. APPEAL AND ERROR ☞1004(1)—REVIEW—VERDICT—AMOUNT.

A verdict cannot be set aside because excessive unless it appears that passion or prejudice influenced the jury.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3944, 3946; Dec. Dig. ☞1004(1).]

9. DAMAGES ☞132(1) — PERSONAL INJURY — EXCESSIVENESS.

An award of $17,750 held not excessive damages for injuries, reducing plaintiff to a total physical wreck, where before the injury he was a strong, able-bodied young man, whose services were reasonably worth $100 per month, which he had reasonable prospect of increasing.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 372; Dec. Dig. ☞132(1).]

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Action by A. O. Miller against the Galveston, Harrisburg & San Antonio Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Templeton, Brooks, Napier & Ogden, Ed W. Smith, Ball & Seeligson, and C. W. Trueheart, all of San Antonio, for appellant. Seth Searcy, H. C. Carter, Champe G. Carter, Randolph L. Carter, and Perry J. Lewis, all of San Antonio, for appellee.

SWEARINGEN, J. Appellee, A. O. Miller, sued appellant, Galveston, Harrisburg & San Antonio Railway Company, to recover damages for personal injuries alleged to have been suffered by plaintiff while a passenger

upon one of appellant's trains. The case was submitted in a general charge to a jury, which returned a verdict in favor of appellee for $17,750, upon which judgment was rendered.

Appellee alleged that the train on which he was a passenger was derailed and wrecked through the negligence and carelessness of the appellant, its servants and employés, and the car, on which appellee was a passenger, was overturned, and appellee was thrown about in the car with great force and violence, and suffered severe and violent blows all over his body. It is further alleged that appellee suffers great and constant pain by reason of the injuries claimed; that his heart has become weak, rapid, and irregular, and fails to perform its natural functions, and appellee has become greatly emaciated; and so it became necessary to have surgeons to perform an abdominal operation upon appellee, in which operation his appendix was found involved in extensive adhesions, and the right kidney was found torn loose from its proper place. It is further alleged that this kidney's pressure upon the gall bladder and bile duct rendered necessary two further operations, which were performed by competent surgeons, and in these operations the adhesions were broken up, the appendix removed, and the floating kidney anchored, but that these operations have not cured appellee, and he still suffers great and constant pain, and will probably have to have another operation by reason of the said injuries, and appellee's kidney will probably have to be removed. It is further alleged that appellee will be afflicted for the balance of his life, that his injuries are permanent, and have rendered him an invalid, unable to perform any physical labor, and seriously impaired his capacity for the enjoyment of life, and that prior to said injuries he was a strong, able-bodied young man, capable of performing severe physical and manual labor, and that his services were reasonably worth $100 per month, which he had a reasonable expectation of increasing. It is further alleged that it became necessary to employ physicians to treat appellee and to operate for his injuries, to have medicines, nursing, and medical and hospital attention, and that in the future appellee will require still more of same.

Appellant answered generally and specially, denying all the facts alleged by appellee, except that it admitted that appellee was a passenger on appellant's train, and that the train was derailed and wrecked, but specially denied that the derailment was caused by its negligence, and specially denied that appellee's injuries were caused by the derailment. Appellant further specially denied that the alleged operations were made necessary by the injuries claimed, or that a further operation will be required on that account.

The facts necessary for understanding our rulings upon the assignments will appear in the discussion of the assignments.

[1] The first assignment complains that the trial court erroneously selected the jurors to serve for the week. No complaint is made of the selection of jurors for the trial of the cause. The complaint under this first assignment is expressed in the proposition:

"Article 5167, R. S. of 1911, provides that regular jurors in civil cases shall be selected from the names included in the jury list for the week, and when by the court's action one of such regular jurors, though not challenged by either party or excused for cause, was excluded from the panel over the objection of the defendant, the exclusion of such juror from an opportunity to sit in the trial was a denial to the defendant of a positive statutory legal right."

The relevant facts are that the court had present in court on Monday morning only 19 of the jurors whose names had been obtained from the jury wheel. The court did not consider the 19 the requisite number of jurors for the week, and thereupon directed the sheriff to summon qualified jurors in such number as were, in the opinion of the court, requisite for the jury for the week. A number of jurors were summoned, with the result that there were 26 qualified jurors selected as jurors for the week, 19 of whom had been secured because their names were drawn from the wheel, and 7 were summoned by the sheriff. These 26 qualified jurors were tendered the parties in this cause from which to select the jury for the trial of their cause. All 26 names were drawn and properly listed. The twenty-sixth name on the list was one drawn from the jury wheel.

Appellant contended that it had the right to have the jury wheel jurors first tendered and peremptorily challenged, and then, and not until then, could those jurors summoned by the sheriff for the week be challenged. Appellant has confused the statutory method of the selection of the 30, more or less, jurors for the week, with the statutory method of selection of the 12 jurors for the trial of the particular cause. Chapter 7, tit. 75, of the Revised Statutes defines the method of selection of jurors for the week, and chapter 10, tit. 75, of the Revised Statutes, defines the method for selecting the jury of 12 men for the trial of the cause. These two chapters in no way repeal one another. Article 5168, in chapter 7, authorizes the court to direct the sheriff to summon enough qualified jurors to make up the requisite number of 30, more or less, of jurors selected for the week, where that number, 30, more or less, selected from the wheel, are not present in court. This article 5168 was taken from section 22 of the act of August 1, 1876, which is reported in Gammel's Laws of Texas, vol. 8, p. 918. Section 20 is as follows:

"Sec. 20. On the day the jurors shall be summoned to attend court, the panel for that week shall be called, and the names of such as attend, and are not excused by the court, shall be entered of record as the jurors of that week, and

the judge shall order the sheriff to summon a sufficient number of good and intelligent citizens having the qualifications of jurors as prescribed in this act, to supply the deficiency, if any, in the panel."

Under chapter 7 the panel for the week is filled up by the court from those drawn from the wheel if present in sufficient number, and, if not, is filled by directing the sheriff to summon others. When the panel for the week is thus filled, there is no distinction to be made between those selected from the wheel and those summoned by the sheriff. The names of all on the panel for the week are to be indiscriminately mixed in the box from which to draw the jury for the particular cause. The distinction between the method of selecting the jurors for the week's panel and that of selecting jurors for the trial of the particular cause is clearly drawn by two decisions of our appellate courts: In one Justice Harper, in the case of Gentry v. State, 68 Tex. Cr. R. 567, 152 S. W. 635, construes articles 5165 and 5168, authorizing selection of jurors for the week, as follows:

"The defendant objected to going to trial before the jury then impaneled. It is made to appear that a regular jury was drawn by jury commissioners, but only 17 of those thus selected were in attendance; the remainder of the jury drawn for that week having been excused, or were disqualified. The court in approving this bill states: 'The above and foregoing bill is allowed with the following explanations: The jury drawn by the jury commissioners for the third week of the district court was summoned; some of them were sick and sent their written excuse, some were disqualified to serve as jurors, and others presented legal excuses and were excused by the court. So that there were only 17 of the regularly drawn venire present on Monday the first day of the present week, and the court ordered the sheriff to summon talesmen to fill the panel, and the panel was filled for the week with legally qualified jurors, and the list tendered to the defendant to select a jury from were regularly drawn by the clerk from the jury of the week in the usual and ordinary way.' As thus qualified, the bill presents no error, as it is shown that the court complied with the law in securing additional jurymen."

In the other, Justice Gaines, in the case of Railway v. Greenlee, 70 Tex. 553, 8 S. W. 129 construes articles 5203, 5204, 5205, c. 10, providing the method for selecting jurors for the trial of the cause. The opinion designates the numbers of the articles construed as 3092, 3093, and 3094, which are the numbers of the articles in Sayles' Texas Civil Statutes printed in 1888, the year when the Greenlee opinion was rendered. The method of selecting the jurors for the trial of the particular cause is also discussed in the case of Houston Elec. Co. v. Seegar, 54 Tex. Civ. App. 255, 117 S. W. 900. The reasons given for the method of selecting the jury for the trial of the particular cause do not apply to the method of selecting jurors for the week, viz. to save time and to avoid prejudiced jurors. It saves time to fill the panel for the week; and, as no particular cause is at that time in mind, jurors for the week cannot be summoned for any particular motive. The statute for selecting jurors for the week is the same for the trial of civil and criminal cases. The court did not err in the selection of the jurors for the week. The first assignment is overruled.

[2] The second assignment complains of the following charge to the jury:

"In this cause the undisputed evidence shows that the plaintiff was a passenger on one of defendant's trains, which was derailed and wrecked while plaintiff was a passenger thereon. I, therefore, instruct you that defendant would be liable to plaintiff for any injuries, if any, which you may find from the evidence were directly caused by said derailment and wreck, and which are alleged in the petition."

The same rule of law is involved in the third assignment, complaining of another charge. The complaint against both charges is that the court therein presumed negligence from the derailment. Counsel for appellant admit the rule is correctly expressed in the authority cited by them. St. Louis, Southwestern Ry. Co. v. Parks, 97 Tex. 135, 76 S. W. 740, viz.:

"Clearly an injury to a passenger on a railroad resulting from a derailment of a train or the abnormal operation of the machinery gives rise to an inference of negligence on part of the company which may authorize the jury to so find, and it may be that in such a case, where the defendant has offered no evidence to rebut the inference, the court would be warranted in instructing the jury to find for the plaintiff upon the issue."

However, counsel contend that in the case at bar appellee testified, on redirect examination, that the train was moving at a speed of 45 miles an hour, which was the usual speed of that train at the place of the derailment; that this testimony was evidence of specific negligence causing the derailment; and the attempt to prove this specific negligence made the rule inapplicable to the case at bar. The evidence above referred to was introduced to prove the allegation in the fifth paragraph of the petition, to the effect that appellant was violently thrown about in the car in which he was a passenger; for the evidence is relevant to that allegation, and there is no allegation that the appellant was negligent because of the speed of the train. Besides, the testimony does not tend to prove that 45 miles an hour was negligence, because the evidence shows the speed of 45 miles an hour was the usual speed of that train at the place of the wreck. The second and third assignments are overruled.

[3] The fourth assignment charges the trial court with error in refusing the following requested special instructions:

"If you find that plaintiff's condition was impaired, rather than benefited, by any operation performed on him, then you are instructed that plaintiff cannot recover on account of such impaired condition as a result of such operation, if any, unless you find from a preponderance of the evidence that such operation appeared to the surgeon performing the same to be necessary, and that it was more probable that such op-

eration, when performed, would benefit the plaintiff rather than injure him."

Inverting the special instruction, it seems that this instruction could be construed by the jury to have required them to find that the operation appeared necessary to the operating surgeon, and to have required the jury also to find as a fact that the operation would more probably benefit than injure the appellee, before the appellee could recover any damages for the impaired condition resulting from the operation, if the jury found that the condition was impaired by the operation. The instruction is not a correct statement of the law. All that could defeat appellee's claim for damages for increased injury caused by the operation was his own negligence in the selection of a surgeon. If not negligent in the selection of the surgeon, the appellant is liable for the mistake, if any, of the surgeon; and it is immaterial whether the operation appeared to the surgeon as necessary, or whether in fact the operation was more beneficial than hurtful. We believe the authorities quoted and cited by counsel for appellee correctly express the rule of law applicable to the facts of the instant case. We quote from appellee's brief:

"In the case of Texas & Pacific Ry. v. McKenzie [30 Tex. Civ. App. 293] 70 S. W. 237, the Court of Civil Appeals made a very clear statement and application of the principle. In that case a special charge was asked which sought to excuse the defendant if plaintiff's injuries were aggravated by the unskillful treatment of the physicians, and the court, holding that the charge was properly refused, said: 'A party who receives an injury resulting from the negligence of another, and who neglects to use proper means to effect a recovery, cannot recover for the aggravation of his injuries accruing from such neglect. Railway Co. v. McMannewitz, 70 Tex. 73, 8 S. W. 66. Whether there was neglect is a question for the jury to determine. To prevent aggravation of the injury, the party injured is only required to use such care and caution as an ordinarily prudent person would use under similar circumstances. The aggravation of a wound by unskillful treatment would not, of itself, prevent the recovery of damages by reason of such aggravation, unless the injured person failed to use ordinary care to prevent such aggravation. When a personal injury flows from the negligent act of another, that other is responsible for the damages resulting, and all that the law demands of the injured party is to use ordinary care to avert further injury. Selleck v. City of Janesville [104 Wis. 570], 80 N. W. 944, 47 L. R. A. 691, 76 Am. St. Rep. 892; Railway Company v. O'Brien, 18 Tex. Civ. App. 690, 46 S. W. 389. The charge requested was erroneous in instructing that the jury find for the defendant if the injury was aggravated by failure of prompt attention or unskillful treatment. If the defendant negligently caused the injury, then it was responsible for the damages that proximately resulted therefrom. Whether defendant was responsible for the aggravation, if any, caused by a failure of prompt attention or unskilled treatment, depended upon the care used by plaintiff to have the injury properly treated. Railway Company v. O'Brien, 18 Tex. Civ. App. 690, 46 S. W. 389.' The many authorities cited by the court fully sustain its position. The case of Selleck v. City of Janesville [104 Wis. 570], 80 N. W. 944 [47 L. R. A. 691, 76 Am. St. Rep. 892], decides the point very directly, because there the court instructed the jury that the plaintiff was not responsible for the errors or mistakes of the physician in treating the injuries received, and, this charge being assigned as error, the court said: 'Error is assigned because the court charged the jury that: "The plaintiff is not responsible for the errors or mistakes of a physician or surgeon in treating an injury received by a defect in the street or sidewalk providing she exercises ordinary care in procuring the services of such physician. Where one is injured by the negligence of another or by the negligence of a town or city, if her damages have not been increased by her own subsequent want of care, she will be entitled to recover in consequence of the wrong done, and the full extent of damage, although the physician that she employed omitted to employ the remedies most approved in similar cases, and by reason thereof the damages to the injured party was not diminished as much as it otherwise should have been." Such charge is certainly supported by authority as well as reason. Loeser v. Humphrey, 41 Ohio St. 378 [52 Am. Rep. 86]; Railway Co. v. Falvey, 104 Ind. 411, 424, 3 N. E. 389, and 4 N. E. 908; Reed v. City of Detroit, 108 Mich. 224, 65 N. W. 967; Car Co. v. Bluhm, 109 Ill. 20 [50 Am. Rep. 601]; Rice v. City of Des Moines, 40 Iowa, 638; Stover v. Inhabitants of Blue Hill, 51 Me. 439; Tuttle v. Farmington, 58 N. H. 13; Boynton v. Somersworth, Id. 321; Lyons v. Railway Co., 57 N. Y. 489; Bardwell v. Town of Jamaica, 15 Vt. 438. The wrongdoer may well anticipate that the person injured will employ a physician or surgeon, and in doing so will exercise ordinary care in making this selection, but, where that is done, such person cannot be expected to assume the responsibility of the very highest degree of skill.' In the case of Field v. Mankato Elec. Traction Company [116 Minn. 218] 133 N. W. 577, the defendant offered to prove that the plaintiff's condition was aggravated by unskillful medical treatment, and the court held that this evidence was properly excluded, and, in its opinion, said: 'It is conceded that the plaintiff received a severe injury in so falling from the car. Such injuries required expert medical treatment. The necessity for the attendance and services of physicians was created by the defendant. The plaintiff, without negligence on her part, obtained the attendance and services of physicians so made necessary. The risks incident to submitting to treatment and operations were thus incurred through the fault of the defendant, not through the fault of the plaintiff. Whether the physicians skillfully or unskillfully performed the necessary services, the plaintiff not being in fault in any matter, her impaired physical condition at the time of the trial followed in unbroken sequence the negligence of the defendant in handling the car. The trial court did not err in excluding the testimony offered.' The following cases announce the same doctrine, and many more could be added, but the principle is so well established that it seems to us to be unnecessary to multiply authorities: Railway v. Doyle, 25 S. W. 461; H. & T. C. Ry. v. Hanks [58 Tex. Civ. App. 298], 124 S. W. 136; T. & P. Ry. v. Mosley, 124 S. W. 485; T. & P. Ry. v. Hill, 237 U. S. 208, 35 Sup. Ct. 575, 59 L. Ed. 918; 13 Cyc. 77; Watson, Personal Injuries, § 136."

The fourth assignment is overruled.

The fifth, sixth, and seventh assignments present error in refusing special instructions similar enough to the special charge involved in the fourth assignment to be disposed of by the authorities and our ruling on the fourth assignment. The fifth, sixth, and seventh assignments are overruled.

[4, 5] The eighth assignment must be overruled because the special charge No. 1 was

properly refused for the reason that, even if correct in itself, all the issues therein were correctly, and fully contained in the instructions given. But the special charge is not correct in itself, for it instructs the jury to allow no conjectural damages for any impairment of physical condition, whether such impairment was produced directly by the injury sustained as alleged or not. Prospective damage, where the injury is permanent, is essentially uncertain. M., K. & T. Ry. Co. v. McGlamory, 34 S. W. 361.

[6] The ninth assignment complains that the court erred in refusing the following special instruction:

"In estimating plaintiff's damages on account of impairment of his capacity to labor and earn money in the future, if any, you must take into consideration his probable life expectancy at the present time, in view of the present state of his health and physical condition as shown by the evidence."

The contention under this assignment is presented with that great force and logic characteristic of the able counsel for appellant, but the question involved is no longer an open question in Texas, having been definitely determined and established against the contention of appellant. It is true the question has been raised generally upon the admissibility of mortuary tables to show the life expectancy of the injured party had he not been injured; but the principle or rule of law is the same as is discussed in this ninth assignment. Chief Justice James, in M., K. & T. Ry. Co. v. McGlamory, 34 S. W. 361, states the rule thus:

"In the present case the injury was a permanent one, and the testimony goes to show that plaintiff's earning capacity is permanently diminished. In both the case of death and permanent injury, the importance of considering the probable duration of the injured person's life, had the accident not occurred, is the same. Why the testimony should be proper in one case, and not in the other, we fail to perceive. In the case of Railway Co. v. Cooper the Court of Civil Appeals for the First District (2 Tex. Civ. App. 42, 20 S. W. 990) reviewed the question at length, and held the testimony admissible in cases not resulting in death. And we apprehend that the Supreme Court approved this view by refusing the writ of error in the cause. Railway Co. v. Cooper, 85 Tex. 431, 21 S. W. 678." G., C. & S. F. Ry. Co. v. Mangham, 95 Tex. 413, 67 S. W. 765; M., K. & T. Ry. v. Scarborough, 29 Tex. Civ. App. 194, 68 S. W. 196.

The ninth assignment is overruled.

[7] The tenth assignment is that the court erred in refusing to give the ninth special charge, which is as follows:

"You are instructed that in estimating plaintiff's damages you cannot take into consideration any items or elements of damage except those specially mentioned and submitted in paragraph 3 of the main charge, and any damages you may award him must be confined to said items and elements of damage. All the expenses incident to his injuries and this litigation for which the law permits a recovery are mentioned and included in said paragraph 3 of the main charge, and in estimating plaintiff's damages you must not refer to or consider any other item or element of damage, and must not award plaintiff any amount on account thereof."

Section 3 of the main charge is as follows:

"If, under the instructions given you, you find for the plaintiff, you will allow him as damages such sum as you may believe from the evidence, if paid now, will fairly compensate him for the injuries received by him, if any, which are alleged in his petition. And in estimating the damages you may award plaintiff, if any, you may take into consideration the physical and mental pain, if any, suffered by plaintiff by reason of such injuries, if any, and the reasonable expenses, if any, necessarily incurred by plaintiff for medical and surgical treatment, nursing, or medicines, by reason of such injuries, if any. And if you find from the evidence that plaintiff's injuries, if any, are permanent and will impair his capacity to work and earn money in the future, then you may award plaintiff such sum as you may believe from the evidence, if paid now, will fairly compensate him for such impaired capacity, if any, to work and earn money in the future."

This special charge should not have been given, because it contradicts appellant's seventh special instruction, which was given to the jury at appellant's request, and because it excludes from the jury the consideration of elements of damage proper to be considered by them. Paragraph 3 of the main charge does not specifically mention the elements of mental and physical pain that appellee may suffer in the future, and yet such are proper elements of damages to be considered by the jury, and these elements were expressly stated, though limited, in the special instruction No. 7, given to the jury at appellant's request. The seventh special charge is as follows:

"In estimating plaintiff's damages on account of physical or mental pain he may suffer in the future, if any, you must take into consideration his probable life expectancy at the present time in view of the present state of his health and physical condition as shown by the evidence."

The tenth assignment is overruled.

[8, 9] The eleventh assignment, complaining that the verdict is excessive, must be overruled because it does not appear that there was passion or prejudice which influenced the jury to render the verdict for so large an amount.

There was abundance of testimony that plaintiff is a total wreck, and that he was reduced to such a condition by the derailment. The jury believed this testimony, and this court is bound by the jury's verdict, and cannot hold that the damages awarded are excessive. G., H. & S. A. Ry. Co. v. Webb, 182 S. W. 424.

The judgment is affirmed.