FISH v. GRAND TRUNK WESTERN RAILWAY.[*]

1. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE—INFERENCES.
   On appeal from directed verdict for defendant at close of plaintiff's case, it must be assumed facts as brought out by plaintiff are established and testimony and inferences most favorable to him are accepted.

2. NEGLIGENCE—QUESTIONS OF LAW.
   The question of negligence is considered one of law only where the facts are such that all reasonable men must draw the same conclusion from them.

3. RAILROADS—PUBLIC HIGHWAY CROSSINGS—RECIPROCAL RIGHTS.
   The rights of a railroad company and the public at highway crossings are, in a sense, reciprocal, and must be exercised in the ordinary manner with due regard to the rights of each other.

4. SAME—PROJECTIONS FROM CARS.
   Railroad companies are liable for injuries sustained by persons who were where they had a right to be and where the company might reasonably have expected them to be, by the projection of anything from a car over where such persons are standing.

5. SAME—PEDESTRIANS—PUBLIC HIGHWAY CROSSINGS—PROJECTIONS —NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTIONS FOR JURY.
   A pedestrian at a public highway crossing who stops a sufficient distance away to permit train to pass without endangering his person has a right to expect the railroad company to use the road in the ordinary manner, hence under evidence submitted showing that plaintiff stood five or six feet from track and looked both ways, whether company was so using its right of way and whether plaintiff had actual knowledge or should be held to have seen projection and avoided the danger therefrom are *held*, questions for the jury.

Appeal from Calhoun; Hatch (Blaine W.), J. Submitted January 8, 1936. (Docket No. 19, Calendar No. 38,114.) Decided April 6, 1936. Submitted on rehearing August 4, 1936. Decided November 9, 1936.

[*] See *post*, 718, for opinion on rehearing.—REPORTER.

Case by Millard Fish against Grand Trunk Western Railway for personal injuries sustained at a railway crossing. Directed verdict and judgment for defendant. Plaintiff appeals. Reversed and new trial granted.

*Frank Schwartz,* for plaintiff.

*H. V. Spike* and *Wm. W. Macpherson,* for defendant.

EDWARD M. SHARPE, J. This action was brought to recover damages for personal injuries claimed to have resulted from negligence of defendant's employees in operating a train. On October 23, 1930, at about the hour of 3 p. m., plaintiff was walking east on Michigan avenue in the city of Battle Creek and in so doing approached three lines of tracks which run in a northeasterly and southwesterly direction.

Plaintiff claims that he walked to within five or six feet from the west rail of the east-bound track, looked to his left or the north and saw no train approaching, he then looked to the south and saw a train approaching from the southwest about a short block away. He waited for this train to pass and when it was 40 or 50 feet from him he then looked to the north; and as the front of the engine passed him he again looked to the south and just at this time he was struck by some object projecting from the tender of the train, which resulted in the loss of his right leg below the knee as well as causing a fracture of two ribs.

The cause came on for trial and at the close of plaintiff's proof the defense made a motion for a directed verdict upon the theory that plaintiff, by

standing within five or six feet from the track and within two and a half or three and a half feet from the engine or tender which projected over the track a distance of two and a half feet, was guilty of contributory negligence. This motion was granted by the trial court. Plaintiff seeks reversal.

When the trial court directs a verdict in favor of the defendant at the close of plaintiff's case, it must be assumed that the facts as brought out by the plaintiff are established.

"It is only where the facts are such that all reasonable men must draw the same conclusion from them, that the question of negligence is ever considered as one of law for the court." *Grand Trunk R. Co.* v. *Ives,* 144 U. S. 408 (12 Sup. Ct. 679).

In *Johnson* v. *Union Carbide Co.,* 169 Mich. 651, 653, the court said:

"In considering the case of plaintiff as presented by the record, the well-known rule that it will be considered most favorably to him will be applied, and in the statement of facts defendant's case will not be considered."

So, also, it may be said that testimony and inferences most favorable to the plaintiff must be accepted. *Ballance* v. *Dunnington,* 241 Mich. 383 (57 A. L. R. 262).

In this cause the defense has devoted a major portion of its brief to the theory that the evidence produced by plaintiff is purely conjectural and speculative and has cited many cases in support of its contention. We have examined these cases and find that, in a large measure, they relate to situations where the injured party had died without leaving any direct evidence as to the manner or

cause of death, while in the instant case the cause of the injury is positive. The testimony is undisputed that there was a bar projecting from the side of the train and that the moving of the train caused this bar to strike plaintiff.

The trial court directed a verdict against the plaintiff upon the theory that plaintiff should have seen the object projecting from the car and was guilty of contributory negligence as a matter of law in not doing so.

The rights of trains and pedestrians at railway crossings are well stated in *Kelly* v. *Railroad Co.,* 65 Mich. 186 (8 Am. St. Rep. 876), where the court said:

"The railroad company is the owner of its right of way, and has the right of passage and of use, in the ordinary manner, of its tracks at highway crossings. Likewise do the public have a right of way and of passage across the railroad track to be used and enjoyed in the ordinary manner. These rights are in a sense reciprocal, and must be exercised with a due regard to the rights of each other."

In *Chesapeake & Ohio R. Co.* v. *Davis,* 119 Ky. 641 (60 S. W. 14), the facts are somewhat similar to the facts in the case at bar. In that case a boy on his way home from the store had to cross the railroad tracks and while waiting at the crossing for a train to pass he stood two and a half or three feet from the train looking in the direction in which the train was moving. He had his back to the rear of the train and was caught by a crooked piece of iron projecting from one of the cars. The court said:

"To run a train through a populous city with an iron swinging in and out as this was shown to be was necessarily to endanger those on the highway

along which it passed, and was evidence from which the jury might properly infer negligence.''

In *Missouri, Kansas & Texas R. Co.* v. *Scarborough,* 29 Tex. Civ. App. 194 (68 S. W. 196), the court said:

''That the law holds railway companies liable for injuries to a member of the public inflicted by projections from trains propelled along its road is well settled. * * * The authorities all hold a railroad responsible to persons who are injured when they were where they had a right to be and where the company might reasonably have expected them to be, by the projection of anything from a car over where such persons were standing.''

''It is the duty of a railroad company to exercise ordinary care in inspecting cars in its trains and in repairing defects in appliances or to discover objects projecting from the side of the cars which might injure pedestrians on highways near the track or persons on private premises near the track and if a negligent failure to do so results in injuries, the company is liable.''    52 C. J. p. 759, § 2296.

In the case at bar the plaintiff was using the crossing for the purpose of passage, and had stopped a sufficient distance away to permit the train to pass without endangering his person. He had a right to expect that the railway company would be using its road in the ordinary manner. He was not a trespasser on railway property.

In this cause the record shows that, immediately prior to the accident, plaintiff looked in the opposite direction from which the train was approaching. Whether the railway company was using the railroad in an unusual manner, as well as plaintiff's actual and imputed knowledge of the existence of a

projection on the approaching train and his ability to have avoided the danger presents a jury question.

The judgment is reversed, and a new trial granted, with costs to plaintiff.*

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL, POTTER, and TOY, JJ., concurred.