TEXAS & NEW ORLEANS RAILROAD COMPANY V.
MRS. MATTIE B. CROW ET AL.

No. 7245.  Decided January 18, 1939.
Rehearing overruled February 22, 1939.
(123 S. W., 2d Series, 649.)

*Baker, Botts, Andrews & Wharton,* of Houston, *A. L. Bevil* and *T. M. Jordan,* both of Kountze, and *Duff & Cecil,* of Beaumont, for plaintiff in error.

The issue of unavoidable accident is raised where there is evidence tending to prove that the injury resulted from some cause other than the negligence of the parties. Orange & N. W. Ry. Co. v. Harris, 127 Texas 13, 89 S. W. (2d) 973; Dallas Ry. & Ter. Co. v. Garrison, 45 S. W. (2d) 183; Greer v. Thaman, 55 S. W. (2d) 519.

In submitting a case on special issues, it is error to charge generally on the law applicable to the issues. Humble Oil & Refining Co. v. McLean, 280 S. W. 557; Saltmount Oil Corp., v. Imperial Crown Royalty Corporation, 98 S. W. (2d) 418.

*E. B. Pickett,* of Liberty, for defendant in error.

*Thompson & Barwise,* of Fort Worth, filed brief as amicus curiae.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

In the trial court Mrs. Mattie B. Crow, for herself and as next friend for her two minor children, recovered judgment for damages against Texas & New Orleans Railroad Company in the sum of $17,500 on account of the death of Carl C. Crow, husband of Mrs. Crow and father of her children, which judgment was affirmed by the Court of Civil Appeals. 101 S. W. (2d) 274.

This is the second time this case has been before this Court. Our opinion upon the former appeal is reported in 121 Texas 346, 48 S. W. (2d) 1106. Since the only errors assigned are trial errors, it becomes unnecessary to make a full statement of the case. It is sufficient, we think, to state that Mr. Crow lost his life as the result of a collision at a public crossing between a passenger train operated by the Railroad Company and an automobile in which he was riding.

The application was granted upon an assignment raising the question that the charge of the trial court contained general charges improper to be given in a case submitted upon special issues under Article 2189, R. S. 1925. That question will be considered first. After defining in the charge the terms, negligence, ordinary care, proximate cause and preponderance of the evidence, these instructions were given to the jury:

"7. And you are further instructed that it is the duty of a railroad company operating its engines and trains over a public crossing at a public roadway to exercise such care as a person of ordinary prudence would exercise under the same or similar circumstances to prevent and avoid injury to travelers and persons who may be lawfully making use of such highway and crossing.

"8. And you are also charged that it is the duty of a person who is using such a public crossing, and of a person who is about to use such crossing, to exercise ordinary care to avoid injury to himself and damage to the vehicle he may be driving.

"9. And further you are instructed that the law of this State requires a railroad company, while running a train along its track, to blow the whistle and ring the bell attached to the locomotive engine pulling the train, at a distance of at least eighty rods from the place where any public road crosses the railroad track, and to keep the bell ringing continuously until it crosses such public road or stops, and a failure to comply with this requirement, the law says, is negligence, and that the railroad company shall be liable for all damages which may be sustained by any person by reason of such a failure to so blow the whistle on the engine or to so ring the bell thereon, provided that the injury and damage complained of are proximately caused by such failure."

Article 2189 provides, in substance, that in all jury cases the court may, and upon request of either party shall, submit the cause upon special issues. If submitted by that method, the court shall in his charge give "such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues." Recognizing that cases sometimes arise of such nature that they can not properly be determined by the simple method of submitting special issues and defining the legal terms employed therein, the Legislature may provision in that same article for the submission of such cases upon general charges. The article clearly provided that, if the case lends itself to a determination upon special issues, that method must be fol-

lowed upon request and may be followed without request; but if, on the other hand, the case be of such nature that it will not lend itself to that method of determination, then it should be submitted upon a general charge. If general instructions on the law are required for an understanding by the jury of its duties and functions, then the case is not one for submission on special issues. The article provided for two distinct methods of submitting cases to the jury, and by a long line of decisions of this court, beginning with Humble Oil & Refining Co. v. McLean, 280 S. W. 557, and extending down to the case of Guthrie v. Texas Pac. Coal & Oil Co., 132 Texas 180, 122 S. W. (2d) 1049, decided this month, it has been held that a case should not be submitted by a combination of both methods.

■ The portions of the charges above copied were not explanations or definitions of legal terms, but were instructions on the legal duties of railroad companies and persons using public crossings. One of the instructions went further and informed the jury that the failure of a railroad company to comply with certain named requirements of the law was negligence, rendering it liable for all damages proximately caused thereby. Similar instructions have been held to be general charges not proper to be given in a case submitted on special issues.

We cite a few of the cases in which the charges strikingly similar to those here under review were condemned. Others might be cited, but these will suffice: Humble Oil & Refining Co. v. McLean, supra; J. M. Radford Grocery Co. v. Andrews (Com. App.) 15 S. W. (2d) 218; Texas & Pac. Ry. Co. v. Perkins (Com. App.) 48 S. W. (2d) 249; Houston & T. C. Ry. Co. et al v. Stribling, 293 S. W. 890 (Error refused) ; Gause-Ware Funeral Home v. McGinley, 41 S. W. (2d) 433 (Error refused).

■ It is claimed that the error was harmless. In the McLean case, supra, the question of whether a reversal of the trial court's judgment should be ordered for an error of this nature was given careful consideration and the rule was announced that, if the right of a litigant to have his case submitted in accordance with the provisions of the statute be violated, over his objection, by the submission of unauthorized general instructions, injury to him will be presumed, and that, unless it cleary appears that no injury or prejudice resulted, he is entitled to a new trial. That rule has been followed by this court. It does not appear from this record that no injury resulted from the giving of these unauthorized instructions, and plain-

tiff in error is therefore entitled to a new trial. We are not advised by the opinion of the Court of Civil Appeals why this assignment was not sustained.

■ Since the case must be retried, the other assignments will be noticed but briefly. It is claimed that the evidence raised the issue of unavoidable accident. The application for writ of error does not quote any evidence or refer to the record where same may be found. The assignment raising this question must therefore be overruled. In view, however, of another trial we think it proper to observe that, "The issue of unavoidable accident is not raised when there is no evidence tending to prove that the injury resulted from some cause other than the negligence of one of the parties." Magnolia Coco Cola Bottling Co. v. Jordan, 124 Texas 347, 78 S. W. (2d) 944, 97 A. L. R. 1513. The statement in the application for writ of error of the general nature of the evidence indicates that it raised no issue of unavoidable accident. It presented a case wherein the injury resulted from the negligence either of the railroad company or of the deceased, or of both.

■ The question of the sufficiency of the request of the railroad company for a submission of the issue of unavoidable accident will doubtless not arise upon another trial, but since the members of the Court of Civil Appeals are in disagreement upon that question and a failure by this Court to notice it might add to the confusion with reference thereto, we here observe that we agree with the majority opinion on that question. Gulf C. & S. F. Ry. Co. v. Conley, 113 Texas 472, 260 S. W. 561; 32 A. L. R. 1183; Harris v. Leslie, Chief Justice, 128 Texas 81, 96 S. W. (2d) 276. By its opinion in the case last cited this Court adhered to the rule announced in the Conley case that the failure to submit a particular special issue "can be reviewed on appeal only where the record shows a special charge was tendered on that issue."

■ Error is assigned to the form of the issues submitting discovered peril. We are not convinced that, under the facts, reversible error is pointed out by this assignment, but since it is a close question it is suggested that upon another trial the issues be so framed as not to restrict the inquiry to a failure of the operators of the train to exercise ordinary care, consistent with the safety of the passengers, to warn the deceased of the approach of the train, but should submit the less restricted question of whether they exercised such care to avoid injuring him.

Complaint is also made of the charge of the Court on the burden of proof. It is claimed that it did not instruct the jury clearly where the burden of proof rested on all of the issues, particularly on the issues submitting discovered peril. We suggest that upon another trial the court follow the recommendation made by this Court in Texas Employers' Ins. Ass'n. v. Lemons, 125 Texas 373, 83 S. W. (2d) 658, and the authorities there cited. In those cases this Court indicated that the preferable way to submit a case so as clearly and correctly to place the burden of proof is so to frame each special issue as that it will indicate where the burden lies as to it. That method greatly simplifies the question, and we take occasion here again to recommend it to the trial courts.

The judgments of the Court of Civil Appeals and the trial court are both reversed and the cause remanded.

Opinion adopted by the Supreme Court January 18, 1939.

Rehearing overruled February 22, 1939.