## HICKS RUBBER CO. v. HARPER.

### No. 2128.

Court of Civil Appeals of Texas. Waco.

July 13, 1939.

Rehearing Denied Sept. 28, 1939.

Writ of Error Dismissed Nov. 15, 1939.

See 132 S.W.2d 579.

Benbow, Saunders & Holliday, Claude Williams, and Henry D. Akin, all of Dallas, and Tom P. Scott and W. E. Terrell, both of Waco, for appellant.

George Clark and Travis McCown, both of Waco, for appellee.

ALEXANDER, Justice.

This suit was brought by J. W. Harper against Hicks Rubber Company to recover damages for certain personal injuries alleged to have been sustained by plaintiff's wife. A trial before a jury resulted in a verdict and judgment for the plaintiff for the sum of $10,000. The defendant appealed.

Appellant's first major contention is that the court should have given an instructed verdict for the defendant because the evidence conclusively established as a matter of law that Mrs. Harper was guilty of contributory negligence which destroyed her right to recover. The evidence shows that one of defendant's employees backed defendant's truck up to the curb at a loading zone in a downtown business section for the purpose of unloading automobile tires. The truck was covered with a tarpaulin and the back-endgate was up in place. Mrs. Harper was walking along the sidewalk in the usual way. She had seen trucks unload at the place in question on previous occasions. She testified that when she saw that the tarpaulin was over the truck and that the endgate was in place, she did not think any attempt would be

made at that time to unload the truck. When she got even with the backend of the truck, defendant's agent threw an automobile tire out of the backend of the truck between the tarpaulin and the top of the endgate and across the sidewalk. The tire struck Mrs. Harper and knocked her down and injured her. The question of whether one is guilty of contributory negligence is usually for the jury and unless the act is made negligent by statute, or unless the facts are of such character that. reasonable minds could not differ as to the conclusions to be drawn therefrom, the court should not withdraw the question from the jury. 30 Tex.Jur. 832. The mere fact that Mrs. Harper walked along the sidewalk in a business section of the city at a time when the defendant's truck was backed up to the sidewalk at a loading zone does not raise contributory negligence on her part as a matter of law.

■ It is contended by appellant that the judgment for $10,000 is excessive. There is evidence to show that the automobile tire thrown by the defendant's agent struck Mrs. Harper on the left side of the head or the left shoulder and knocked her to the sidewalk. The right side of her head struck a steel plate on the wall of the adjoining building. Her wrist and hips were slightly bruised and she was nauseated but was soon able to get up and leave the scene of the accident without assistance. The next day she was confined to her bed and remained in bed substantially all of the time for a period of three months. Medical experts testified that she suffered a slight concussion of the brain, a fractured skull, a fracture of the fourth cervical vertebra and possibly another fracture between the second and third vertebrae; that she suffers from a congested mastoid area, lack of control of the left leg, loss of weight and strength, severe pain in the right side of the head, numbness of nerves, severe nervousness and vomiting at times. She will probably never fully recover from the injury. At the time of her injury she was thirty years of age with a life expectancy of thirty-five years, was doing her own housework and earning approximately $500.00 per year in a downtown factory. She is now unable to work. Under these facts, we cannot say that the verdict of the jury is excessive. 13 Tex.Jur. 261, 428.

■ There was evidence that within a month or two after her injury Mrs. Harper was treated by a chiropractor and an osteopath. Medical experts testified that the treatment so administered by these doctors was calculated to injure instead of heal the patient. The defendant objected to the court's charge because it did not submit to the jury an issue as to whether the injury of which Mrs. Harper was then suffering was the result of such treatment, and in such objections the defendant suggested to the court the form of the issue to be submitted to the jury. The defendant, however, did not prepare and tender to the court an issue thereon. As we understand the holding of the Supreme Court in the case of Texas & N. O. Ry. Co. v. Crow, 123 S.W.2d 649, par. 8, the failure of the trial court to submit a particular issue can be reviewed on appeal only where the record shows a special charge was tendered on that issue. The charge as given was correct as far as it went, and if appellant desired to complain of the failure to submit an issue on the question, it should have prepared and tendered a suitable issue, and in the absence thereof, it has no right to complain in this court. Furthermore, the charge of the court on the measure of damages as given limited the jury to the damages caused solely by the defendant's negligence, which necessarily excluded from the consideration of the jury any damages caused by improper medical treatment, and the jury is presumed to have followed the court's charge. Armour & Co. v. Tomlin, Tex. Civ.App., 42 S.W.2d 634. Moreover, it does not appear that Mrs. Harper acted in bad faith or was negligent in selecting these doctors to treat her. If she acted in good faith and with ordinary care in the selection of physicians to treat her and the treatment administered by them aggravated her injury, she is nevertheless entitled to recover therefor, for this is one of the consequences that the defendant should have anticipated as a probable result of its negligent conduct. City of Dallas v. Myers, Tex.Civ.App., 64 S.W. 683; Texas & P. Ry. Co. v. Mosley, Tex. Civ.App., 124 S.W. 485; Galveston, H. & S. A. R. Co. v. Miller, Tex.Civ.App., 191 S.W. 374. This assignment is overruled.

■ The plaintiff introduced in evidence certain x-ray films for the purpose of showing the fracture in her skull and vertebrae. The defendant requested permission to withdraw the films so as to permit experts employed by it to examine

them out of court under the supervision of an officer. It was claimed that this was necessary in order to permit examination of the films by use of a stereoscopic machine. The request was refused and it is contended that this constitutes reversible error. The bill of exception shows that at the time the request was made counsel for defendant was informed that if any of its experts later testified that the films could not be properly examined in court, the court would permit the witness to withdraw the films and take same to his office for further examination. No witness thereafter made such request. In fact, one of the defendant's experts testified that the films could be properly examined and read by him in court without the aid of a stereoscopic machine. We deem it the duty of the court to aid in every way possible in bringing about a full disclosure of all of the facts, and when it becomes necessary to do so, the court should permit written instruments, photographs and the like to be withdrawn and examined under the supervision of the court. It does not appear, however, that the withdrawal of these films was necessary in order to have a proper examination, and it affirmatively appears that the attorney for plaintiff fully advised counsel for defendant of his willingness to allow the films to be so withdrawn in the event a necessity therefor arose. It also appears that physicians selected by defendant were allowed to fully examine Mrs. Harper prior to the trial and to make their own X-ray pictures. It does not appear therefore that the defendant has in anywise been injured by the ruling of the trial court.

In defining "proximate cause" the court used the term "new and independent cause," and in defining "new and independent cause" the court used the term "intervening, efficient cause." The defendant objected to the charge because it did not define "intervening, efficient cause," and assigns as error the failure of the court to define such term. We do not think the assignment presents reversible error. In the first place, the evidence did not raise the issue of intervening cause. The defendant conceded this fact because it objected to the use of the term "new and independent cause" on the ground that there was no evidence raising the issue. Since the evidence did not raise the issue, any error in the manner of the submission thereof became immaterial. Furthermore, the defendant merely objected to the

charge because of the failure to define the term and did not tender a special charge defining the same. It was held by the Supreme Court in the case of Texas & N. O. Ry. Co. v. Crow, 123 S.W.2d 649, par. 8, that the failure of the trial court to define a term could be reviewed only where the record showed that a special charge defining the term was tendered by the complaining party. Our holding to the contrary in the case of Morrison v. Antwine, 51 S.W.2d 820, has apparently been overruled by the Supreme Court in the above cited case.

"Unavoidable accident" was not raised by the evidence and in addition thereto the court submitted the issue thereon in the manner suggested by the Supreme Court in the case of Southern Ice & Utilities Co. v. Richardson, 128 Tex. 82, 95 S. W.2d 956, and there was therefore no error in this respect.

Defendant complains of certain alleged improper argument of counsel for plaintiff. It appears, however, that the argument complained of was provoked by counsel for defendant. The assignment therefore does not present reversible error.

We have considered all other assignments and find no reversible error.

The judgment of the trial court is affirmed.