## Hicks Rubber Company, Distributor, v. J. W. Harper.

Application No. 24,543.  Decided November 15, 1939.
(132 S. W., 2d Series, 579.)

*Tom. P. Scott,* of Waco, *Benbow & Saunders,* of Dallas, for plaintiff in error.

*George Clark* and *Travis McCown,* both of Waco, for defendant in error.

PER CURIAM.

We have concluded that a correct judgment was entered by the Court of Civil Appeals in this cause and, for that reason, dismiss the application for writ of error; but we deem it advisable to take notice of one particular holding of the Court of Civil Appeals, least it create confusion with respect to an important question of practice. This language appears in the opinion of the Court of Civil Appeals (131 S. W. (2d) 749):

"It was held by the Supreme Court in the case of Texas & N. O. Ry. Co. v. Crow, (132 Texas, 465) 123 S. W. (2d) 649, par. 8, that the failure of the trial court to define a term could be reviewed only where the record showed that a special charge defining the term was tendered by the complaining party."

That is an incorrect construction of our opinion in the Crow case. What was there held was that the failure to submit a particular *special issue* could be reviewed only where the record showed that a special charge was tendered on that issue. (Italics ours.) (132 Texas 465, par. 5.) By such holding we were but following our previous holding in the two cases there cited. Defining a legal term is not submitting a special issue to the jury, and it is not required of one complaining of the charge of the Court for failure to define a legal term that he prepare and submit a correct definition of such term. All that is required of him is that he object to the charge, specifically complaining of its failure to define the legal term. Robertson & Mueller v. Holden, 1 S. W. (2d) 570.

Opinion delivered November 15, 1939.