EMPLOYERS CASUALTY CO. et al. v. HICKS RUBBER CO., Distributors.

No. 2393.

Court of Civil Appeals of Texas. Waco.

Feb. 19, 1942.

Rehearing Denied March 26, 1942.

Witt, Terrell, Lincoln, Jones & Riley, of Waco, and Simpson, Dorenfield & Fullingim, of Amarillo, for appellants.

Richey, Sheehy & Teeling, of Waco, for appellee.

HALE, Justice.

Hicks Rubber Company, Distributors, a corporation, instituted this suit against Employers Casualty Company and Traders & General Insurance Company seeking recovery against both under their separate contracts of indemnity insurance by reason of its loss under a prior judgment in favor of J. W. Harper for the sum of $10,000 on account of bodily injuries sustained by his wife. See Hicks Rubber Co. v. Harper, Tex.Civ.App., 131 S.W.2d 749; Id., 134 Tex. 89, 132 S.W.2d 579. The parties will hereafter be referred to as Hicks, Employers and Traders, respectively. On January 25, 1940, Traders paid to Hicks the sum of $7,354.44 on the Harper judgment, on January 28, 1940, Employers paid $1,025 on said judgment and Hicks was required to pay and did pay the balance thereof, amounting in principal, interest and court costs to the sum of $2,717.91. In order to secure the discharge of the Harper judgment in the manner aforesaid, it became necessary for Hicks to employ an attorney after said judgment became final, and it did employ Hon. H. M. Richey who represented it in connection with the Harper judgment up to and including January 27, 1940. Hicks sought in this suit to recover joint and several judgment against both insurance companies for the sum of $2,717.91 and a reasonable attorney's fee which it alleged to be the sum of $1,000.

Employers and Traders each answered the suit of Hicks with a general denial and each filed cross-action seeking recovery over against the other in the event either should be held liable to Hicks. Each plead certain terms and provisions of the respective policies and each asserted it had discharged its full liability by its prior payment on the Harper judgment. Employers alleged that the attorneys for Harper offered to settle his case during trial of the same for the sum of $3,000 and costs; that it offered to pay one-third of that amount and attempted to induce Traders and Hicks to pay two-thirds thereof in order that the case might be settled; that Traders and Hicks negligently failed and refused to make said settlement and thereby forfeited any right of recovery against it herein and that Traders thereby rendered itself liable for any amount Employers might be required to pay in this suit.

The case was tried before a jury. Upon the conclusion of the testimony, all

parties seasonably presented their respective motions for peremptory instruction, all of which were overruled, with timely exceptions preserved. The court then submitted two special issues to the jury, as follows:

"Special Issue No. 1: Do you find from a preponderance of the evidence, if any, that defendant, Traders & General Insurance Company, in refusing to accept the $3000.00 offer of settlement, failed to act as an ordinarily prudent person would have acted under the same or similar circumstances?"

"Special Issue No. 2: What amount of money, if any, do you find from a preponderance of the evidence, if any, would be a reasonable attorney's fee for the services performed, if any, for Hicks Rubber Company, Distributors, by its attorney, H. M. Richey, in connection with the J. W. Harper judgment up to and including January 27, 1940?"

The jury was unable to agree upon an answer to special issue No. 1. They found $750 in response to special issue No. 2, and the court received their verdict with special issue No. 1 unanswered. Hicks presented its motion for judgment against both defendants on the verdict as returned for the sum of $3,467.91 and interest. Employers objected to any judgment being entered, contending that since the jury had failed to agree upon an answer to special issue No. 1, a mistrial should be declared; and, subject to such objection, it moved for judgment in its favor non obstante veredicto, as did Traders also, each upon extended grounds set forth in their respective motions. The court overruled the motions of each defendant and granted the motion of plaintiff for judgment against both defendants, decreeing in the judgment, however, that Hicks should exhaust all remedies by execution and otherwise against Employers "which is decreed to be primarily liable for the plaintiff's judgment, before proceeding in any way to collect the same from the defendant Traders"; that if Traders should be required at any time to pay any sum to Hicks on said judgment, then in that event Traders was awarded judgment over against Employers for any sum so paid. The court further rendered judgment in favor of Traders against Employers for the sum of $702.70 which represented one-third of the amount of expenses paid out by Traders in the defense of the Harper

suit. Employers has appealed from the judgment in its entirety and Traders has appealed from that portion of the judgment which awarded Hicks a recovery against it.

Traders contends that the judgment against it should be reversed and here rendered in its favor because it says under the "other insurance" clause in its policy, the extent of its liability to Hicks was limited to two-thirds of the loss sustained by Hicks and that it discharged such liability by its payment on the Harper judgment. Employers contends that the judgment in favor of Hicks and Traders against it should be reversed and here rendered because it says its policy covered only the maintenance and use of the insured premises generally, while Traders' policy covered the specific operation of the truck which resulted in injury to Mrs. Harper, so that the coverage in its policy was excess and not concurrent insurance. Employers further contends that the negligent failure and refusal of Traders and Hicks to cooperate with it in the settlement of the Harper suit relieved it in all events from liability to pay more than one-third of the amount for which the Harper case could and should have been settled, and that it discharged such liability by its prior payment on the Harper judgment; that if the refusal of Traders and Hicks to settle under the circumstances shown did not relieve it from liability as a matter of law, then a mistrial should have been declared as to it because of the failure of the jury to answer the negligence issue submitted.

When a case is tried before a jury it is their province and duty to pass upon all ultimate controlling issues of fact raised by the pleadings and tendered by the evidence. After the jury has made its findings on special issues, it then becomes the duty of the court to render such judgment, if any, as the law requires on such findings and the undisputed evidence. Bearing in mind these elemental principles, we shall note briefly what we regard as the salient facts in this case.

The pleadings and evidence show that on July 15, 1936, Traders issued to Hicks its Uniform Standard Automobile Policy by the terms of which it agreed in consideration of a premium of $1,817.50 to pay on behalf of Hicks all sums not to exceed $20,000 which Hicks should become obligated to pay by reason of the liability

imposed upon it by law for damages because of bodily injury sustained by any person arising out of the ownership, maintenance or use of the trucks therein described. On January 11, 1937, Employers issued to Hicks its Owners Public Liability Policy by the terms of which it agreed in consideration of a premium of $15.75 to insure Hicks against loss in a sum not to exceed $10,000 by reason of the liability imposed upon it by law for damages because of bodily injury sustained by any person arising out of the ownership, maintenance or use of the premises therein described. Each policy contained the usual "other insurance" clause, providing in effect that if the assured has other insurance covering a loss or expense covered thereby, then in that event the insurer should be liable only for the proportion of such loss or expense which the sum thereby insured bears to the whole amount of valid and collectible insurance. Each policy also contained the usual provisions with respect to the exclusive right of the insurer to negotiate the settlement of any claim arising thereunder and obligating the assured to cooperate with the insurer in its defense of any suit brought thereon.

It appears that on April 9, 1937, while both policies were in force, an employee of Hicks backed one of the trucks described in the Traders' policy up to the curb at the assured's place of business for the purpose of unloading automobile tires from said truck; that Mrs. Harper was walking along the sidewalk, which was a part of the premises covered under the Employers' policy, in the usual way as a member of the public; that when Mrs. Harper got even with the back end of said truck, the Hicks employee threw a tire out of the truck across the sidewalk and the tire thus thrown struck Mrs. Harper on the left side of her head or shoulder, knocking her down, and resulting in the injuries which were the basis of the recovery in the Harper suit. Traders was notified of the accident and after conducting an investigation, it provided attorneys to defend Hicks in the Harper suit. Harper originally sued for $20,000, but in an amended petition he sought judgment for $30,000. Employers was also notified of the accident and provided attorneys to cooperate in the defense of the Harper suit. The two sets of attorneys cooperated in the defense of the first trial, but during the course of the second trial a difference of opinion arose as to whether the case should be settled by compromise for the sum of $3,000. Employers offered to pay one-third of the amount demanded by Harper and attempted to induce Traders and Hicks to pay two-thirds of the amount demanded. Traders refused to settle, with the result that Employers' attorneys withdrew from further active participation in the Harper litigation.

We are of the opinion that no error is shown with respect to that portion of the judgment which awarded a recovery in favor of Hicks against Traders. It is clear that the liability imposed by law upon Hicks for the injuries sustained by Mrs. Harper arose out of the ownership, maintenance or use of the truck, the specific operation of which was insured under the Traders' policy. But for the use which was being made of the truck and the negligence of the employee which was committed in said truck, no legal liability could have been imposed upon Hicks for the injuries which Mrs. Harper sustained merely because she was proceeding along the public sidewalk in front of the Hicks place of business at the time when she was injured. Moreover, since under the express provisions of its policy contract, Traders assumed complete defense of the Harper suit in cooperation with Employers and continued after Employers had withdrawn from active participation therein to defend said suit until the Harper judgment became final, all with full knowledge of the material facts and without any non-waiver agreement or reservation of rights, we think it became unconditionally bound to indemnify Hicks against loss and expense by reason of any judgment that might have been rendered in the Harper suit up to the limit of $20,000. American Indemnity Co. v. Fellbaum, 114 Tex. 127, 263 S.W. 908, 37 A.L.R. 633; Automobile Underwriters' Ins. Co. v. Long, Tex.Com. App., 63 S.W.2d 356; United Services Automobile Ass'n v. Zeller (er. dis. judg. cor.) 135 S.W.2d 161, point 1, and cases cited. Furthermore, insofar as the rights of Hicks are concerned, we think Traders failed to establish the existence of other valid and collectible insurance covering the loss covered by its policy for the reasons discussed in the next succeeding paragraph. Therefore all of Traders' assignments are overruled.

We are of the opinion, however, that the trial court erred in rendering any judgment in favor of Traders against Employers and in decreeing that Employers is primarily liable for the payment of the judgment rendered in favor of Hicks against both insurance companies. If it be assumed that Traders had the right at the time when the Harper litigation arose to treat the Employers' policy as concurrent insurance or "other insurance" within the meaning of both policies, and if upon such assumption Traders wished to avail itself of any benefits accruing to it solely by reason of such other insurance, then undoubtedly Traders was required to recognize to some extent the valuable right reserved by Employers to negotiate for what it might conceive to be an advantageous settlement of said suit. The reserved right of each insurer with respect to settlement was an equal one, which, however, could not be effectively exercised without reasonable cooperation on the part of the other. We think under the facts of this case each insurance company owed the duty to the other and to the assured to exercise ordinary care in deciding whether it would or would not cooperate with the other in consummating any settlement proposed by the injured claimant. The negligence issue was raised by the pleadings and tendered by the evidence and should have been found by the jury. An inference of negligence ordinarily presents a fact question, even though the evidence from which the ultimate conclusion is to be drawn may be undisputed. If, under all the circumstances, the refusal of Traders to effect the settlement which was actually proposed in this case constituted negligence on its part, then such negligence should in our opinion operate against the continuing right of Traders to rely upon the policy of Employers and should relieve Employers from liability to Traders for any sum in excess of one-third of the amount for which the Harper case could, and, in the exercise of ordinary care, should have been settled. G. A. Stowers Furniture Co. v. American Indemnity Co., Tex.Com.App., 15 S.W.2d 544.

Traders insists that the only theory of defense urged by Employers in the trial court was that of negligent failure and refusal to settle the Harper suit. It says this court ought not to pass upon the contention here asserted by Employers that the coverage in its policy, being general as compared to the specific coverage in Traders' policy, was excess only. We recognize the well established rule that the law forbids the assumption of an attitude on appeal inconsistent with that taken in the trial court. Ordinarily litigants are restricted to the theory upon which the cause was prosecuted or defended in the court below. Boatner v. Providence-Washington Ins. Co., Tex.Com.App., 241 S.W. 136, point 4 and cases cited. While we cannot say that the contention here urged by Employers is necessarily inconsistent with the position which it took in the trial court, we can find nothing in the record showing that such contention was affirmatively raised or specifically presented there. As the cause must necessarily be remanded to the trial court for further proceedings, and because the question may not be controlling upon another trial, we do not now decide whether Employers' policy was concurrent or excess insurance at the time when the Harper litigation arose, or whether either insurance company thereafter waived its right to assert or to deny that the Employers' policy afforded or did not afford excess or concurrent coverage as between the two companies.

On the entire record before us, we have concluded that the portion of the judgment which awarded a recovery in favor of Hicks against Traders should be affirmed and that the remainder of the judgment which awarded a recovery in favor of Hicks and Traders against Employers and which decreed that Employers was primarily liable as between the two insurance companies, should be reversed and the causes remanded for further proceedings in accordance with the following instructions: (1) If upon another trial it is shown that Traders has discharged its liability to Hicks under that portion of the judgment which is here affirmed, then Hicks should be dismissed from the suit or denied a further recovery and the court should proceed to try the cross-action of Traders against Employers in a manner consistent with the views herein expressed; (2) but if upon another trial Hicks should show that it has been unable by the timely issuance of execution to collect its judgment against Traders, then in that event the trial court should proceed to a trial of the Hicks cause of action against Employers and to a trial of the cross-action of Employers against Traders in keeping with the views herein set forth. And it is so ordered.