### ERVAY–CANTON APARTMENTS, Inc. v. HATTERICK.

No. 15234.

Court of Civil Appeals of Texas. Fort Worth.

April 6, 1951.

Rehearing Denied May 4, 1951.

Joe Gray and W. B. Handley, both of Dallas, for appellant.

Henry Klepak and John P. Koons, both of Dallas, for appellee.

HALL, Justice.

The trial court entered judgment for appellee (plaintiff) in accordance with the jury's answers to special issues submitted, and against appellant, Ervay-Canton Apartments, Inc., for the aggregate sum of $2915, representing $2015 in cash, wrist watch of the value of $750, and tie clasp valued at $150, which appellee alleged were stolen from him while he was occupying room 518 of appellant's Hotel Travis, located in Dallas County, Texas.

Appellant defended upon its liability as limited in Article 4592, Vernon's Anno.Civ. St., which reads as follows: "Any hotel, apartment hotel or boarding house keeper, who constantly has in his hotel, apartment hotel or boarding house a metal safe or vault in good order and fit for the custody of money, jewelry, articles of gold or silver manufacture, precious stones, personal ornaments, or documents of any kind, and who keeps on the doors of the sleeping

rooms used by guests suitable locks or bolts and proper fastening on the transom and window of said room, shall not be liable for the loss or injury suffered by any guest on account of the loss of said valuables in excess of the sum of fifty dollars, which could reasonably be kept in the safe or vault of the hotel, unless said guest has offered to deliver such valuables to said hotel, apartment hotel or boarding house keeper for custody in such metal safe or vault, and said hotel, apartment hotel or boarding hotel or boarding house keeper has omitted or refused to deposit said valuables in such safe or vault and issue a receipt therefor; provided, such loss or injury does not occur through the negligence or wrong doing of said hotel, apartment hotel or boarding house keeper, his servants, or employes, and that a printed copy of this law is posted on the door of the sleeping room of such guest."

Appellant's twenty-one points will be discussed consistent with our views pertinent to this appeal.

The first nine points deal with appellant's contention that the trial court erred in allowing appellee's counsel to dismantle and change the working parts of the lock and keys out of the presence of the jury which appellant had introduced in evidence as being the lock and keys to the room occupied by appellee.

Appellant's testimony was to the effect that its chief engineer examined the lock and keys about nine o'clock on morning of the alleged burglary and they were in good working order. He demonstrated before the jury that it was in the nature of a double lock; that its operation was on the morning of the alleged burglary to the effect that when a key was inserted in the inside lock from within the room and turned, such turning of the lock disengaged the mechanism of the outside lock, so that it would be impossible to place a key in the outside keyhole and unlock the door. After this demonstration the trial court allowed appellee's attorney, over objection of appellant, to take the lock to a locksmith, who dismantled the lock and prepared keys which would cause the door to be opened from the outside by a key even though it

was locked from the inside. Appellee did not call as a witness the locksmith who made the keys to testify what, if any, changes he had made to the cylinder of the locks or the nature of the new key he made. Appellant's witness testified that after such demonstration by appellee and his keys made by this locksmith, that undoubtedly the cylinders had been changed so that the door could be opened from the outside by a key even though it was locked from the inside. He testified that prior to the time appellee took the lock and keys to this locksmith after they had been introduced in evidence that when the door was locked from the inside you could not enter the room by any key, but it was necessary to remove a panel from the door and turn the key on the inside.

Appellee's contention is that all the locksmith did was to make a pass-key or skeleton key which would unlock the door from the outside when it was locked from the inside. Only the locksmith could actually testify to such professional facts.

Allowing real or demonstrative evidence to be introduced in court rests largely within the discretion of the trial court. 17 Tex.Jur., p. 465, sec. 177. It is admissible for experiments to be made from such real or demonstrative evidence in the presence of the jury. Id., p. 469, sec. 179.

It is also within the discretion of the court to admit in evidence experiments conducted out of the presence of the court and jury provided said experiments are made under circumstances substantially the same as those existing at the time of the occurrence or non-occurrence of the alleged fact. 17 Tex.Jur., p. 401, sec. 142.

Neither of the three above situations exactly covers the proposition before us and that is, did the trial court err in allowing real or demonstrative exhibits to be taken from presence of the court and jury and there tampered with or changed.

In the case of Hicks Rubber Co. v. Harper, Tex.Civ.App., 131 S.W.2d 749, error dismissed, 134 Tex. 89, 132 S.W.2d 579, cited by appellant, the Court of Civil Appeals held that it was not error to permit written instruments, photographs, and the

like, to be withdrawn and examined under supervision of the court where it becomes necessary to do so. But no changed condition of the exhibits was before the court in that case.

■ We think the action of the trial court was error in allowing appellee's attorney to first dismantle this double lock and tamper with it himself out of the presence of the jury and then to later take it to a locksmith and have him tamper with it and make pass-keys that would unlock it under different physical condition from which the exhibit was introduced in evidence, for the following reasons:

■ First, without showing the necessity of having to make such change and demonstration out of the presence of the jury; second, without having the locksmith to testify as to exactly what changes he made, if any, to the lock; third, since evidence was introduced by appellant to the effect that the cylinders of the lock had evidently been changed and that it was easy to change those cylinders after dismantling the lock; and fourth, it was error for appellee to introduce the pass-key made by this locksmith and then for the trial court to submit its issue No. 6, hereinafter quoted, which in effect inquires of the jury as to whether appellant was negligent in having a lock that could be opened from the outside by a skeleton key, which issue was supported upon inadmissible testimony relative to the working of the changed lock and the pass-key made out of the jury's presence.

Appellant's tenth point cites as error the trial court's action in refusing to submit to the jury its special issue No. 2: "Do you find from a preponderance of the evidence that on the occasion in question defendant kept a suitable lock or locks on the door of the sleeping room No. 518 occupied by Plaintiff?" The trial court submitted special issue No. 6 relative to this subject: "Do you find from a preponderance of the evidence that the Defendant, its agents, servants and employees failed to have a Locking System upon the door of Room 518 from the inside such as would prevent a person using a Skeleton Key from the outside to make an unlawful entry into said Room?" to which the jury answered "Yes," and in answer to special issues 7 and 8 the jury found that said failure was negligence and a proximate cause of appellee's loss.

It is noted by the statute, supra, all that is required, in order to be protected thereunder, is that hotels shall keep on doors of their sleeping rooms, which are used by their guests, suitable locks or bolts. Some of the cases which we have read use the words, "suitable locks or bolts," as set out in the statute, such as Dallas Hotel Co. v. Davison, Tex.Com.App., 23 S.W.2d 708; Southwestern Hotel Co. v. Rogers, Tex.Civ. App., 183 S.W.2d 751, affirmed 143 Tex. 343, 184 S.W.2d 835. We believe upon another trial it would be more appropriate for the trial court to use as near as possible language of the statute.

Appellant's point eleven refers to error of the trial court in the way and manner it submitted the special issue relating to appellee's loss of money, in that such issue required the jury to find that appellee had stolen from his room the sum of $2015 in cash, without first ascertaining from the jury as to whether or not appellee had the sum of $2015 in his room.

■ We think since the testimony pertaining to possession of this money comes directly and solely from appellee that the jury has a right to disregard appellee's testimony as to how much money, if any, he had, but the trial court's submission might indicate to the jury he did have such money with him. It would be more appropriate upon another trial to inquire of the jury if appellee had any money stolen from him and if so how much, in order that it not be submitted on weight of the testimony. The trial court's submitted issue is: "Do you find from a preponderance of the evidence that on July 27, 1949 the Plaintiff, John H. Hatterick, had stolen from him from his room in the Travis Hotel $2,015.00 in cash?"

The same objections are made in points twelve and thirteen as to the way and manner special issues were submitted as to whether appellee had stolen from him a wrist watch and also a tie clasp, which

points we overrule because we think the issues submitting these questions to the jury are correct.

 Appellant's point seventeen is directed to error of the trial court in submitting, over its timely objection, special issue No. 9 as follows: "Do you find from a preponderance of the evidence that the Defendant, its agents, servants and employees failed to have a chain lock upon the door of the room of Room 518 upon the occasion in question?" We believe upon another trial that the issue of whether or not appellant has provided a suitable lock or bolt will meet the duty imposed upon appellant as provided in the article.

The substance of appellant's points not specifically discussed herein bear upon the points heretofore discussed.

Finding the trial court erred, its judgment is reversed and the cause remanded for another trial.