**WESTERN COTTONOIL COMPANY,**
Appellant,

v.

**Louis ADKISSON et ux., Appellees.**

No. 3149.

Court of Civil Appeals of Texas.

Eastland.

Feb. 25, 1955.

McMahon, Springer, Smart & Walter, Abilene, Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, for appellant.

Bryan Bradbury, Abilene, for appellees.

COLLINGS, Justice.

Suit was brought by Louis Adkisson and wife against Western Cottonoil Company for damages. It was alleged that such damages were caused and resulted from odors from soap stock stored by Western Cottonoil Company in an earthen pit near the home of plaintiffs. The trial was before a jury which found that the storing of the soap stock constituted a nuisance and plaintiffs were awarded judgment for damages. Western Cottonoil Company has appealed.

During the trial of the case the court admitted in evidence over appellant's objections, plaintiffs' Exhibit No. 1 which was a jar containing soap stock from appellant's earthen pit. In the only point presented by appellant it is contended that such action of the court was reversible error.

The witness Patterson testified that he went to the pit during the time complained of, and put some of the soap stock from appellant's earthen pit in jars; that plaintiffs' exhibit No. 1 was one of the jars and that it contained soap stock taken from the pit; that he smelled the odor from the pit and it was an awful odor; that he had never in his life smelled anything that compared with it. He testified that the odor from the jar which was introduced in evidence was the same odor as that which came from the pit except that the odor from the jar was not as strong as that from the pit because there was not as much of it.

The admission of real or demonstrative evidence is largely within the discretion of the trial court. 17 Tex.Jur. 466; 32 C.J.S., Evidence, § 602, p. 454, and Ervay-Canton Apartments, Inc., v. Hatterick, Tex. Civ.App., 239 S.W.2d 150 (Ref.N.R.E.).

The soap stock in the jar in question was identified as a sample taken from appellant's earthen pit during the period of time complained of. The purpose of the evidence was to show the odor which appellees claimed to have come from appellant's pit. The sample was shown to have been in the continuous custody and possession of the witness, to be in the same condition as when taken from the pit and to have the same odor as that which came from the pit. The court did not abuse its discretion in admitting the exhibit in evidence.

The judgment of the trial court is affirmed.