**WESTERN COTTONOIL COMPANY,**
Appellant,

v.

**M. L. PINKSTON et ux., Appellees.**

No. 3157.

Court of Civil Appeals of Texas.

Eastland.

April 29, 1955.

McMahon, Springer, Smart & Walter, Abilene, Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, for appellant.

Scarborough, Yates, Scarborough & Black, Abilene, for appellee.

LONG, Justice.

M. L. Pinkston and wife sued Western Cottonoil Company for damages caused by odors from soap stock stored by the company in an earthen pit on its premises. Upon a trial the jury found that the storing of the soap stock in the earthen pit constituted a nuisance to the Pinkstons' enjoyment of their property and awarded them damages in the sum of $625. The trial court entered judgment in accordance with the verdict. From this judgment the company has appealed.

■ Appellees offered in evidence a jar containing soap stock from the earthen pit belonging to appellant. Appellant, by its first point, contends the trial court erred in admitting the jar and the substance contained therein because it is not shown that it is in the same condition that it was in when it was taken from the pit and that it does not represent a fair test of what was in the pit because the witness has had it out of the pit over a year and the same conditions have not prevailed. We find no merit in this point. The admission of real or demonstrative evidence is largely within the discretion of the trial court. 17 Tex.Jur. 466.

The witness Patterson testified that he dipped a bucket into the pit and poured the contents obtained into a jar and kept it in the same condition in his possession up until the time of the trial; that the sample in the jar smelled just like the odor that came from the pit. This court had occasion to pass upon a similar point in Western Cottonoil Company v. Atkisson, Tex.Civ.App., 276 S.W.2d 411. We held there that the exhibit was properly admitted. It is our opinion that the objection to the introduction of the exhibit went to the weight of the evidence rather than to its admissibility.

Appellant, by its second point, complains of the action of the trial court in overruling its motion for a new trial because of the introduction of new evidence by jurors during the deliberation of the jury. Appellant alleged in its motion for a new trial that the jury, after it had retired to deliberate, but before it reached a verdict, received new evidence in the jury room from members of the jury to the effect that the odor complained of was bad; that such new evidence was statements by one of the jurors that he had been in the vicinity of Western Cottonoil Company's refinery and had smelled the same odor; that it smelled bad and that he had never smelled anything like it before and the statements by other jurors that they had smelled the same smell and it smelled very bad.

The proof offered on the hearing of the motion for a new trial does not sustain the allegation. There is no evidence that any juror stated that he had smelled the odor from the refinery and that it smelled bad and that he had never smelled anything like it before.

■ There is evidence that one or two of the jurors stated that they had smelled the odor as they had driven along Highway 80 near the plant but there is no evidence that any of the jurors attempted to tell the other members of the jury the nature and extent of the odor. Furthermore, the evidence is conflicting as to whether or not any statement was made by any juror concerning the odor coming from the plant. We must presume that the trial court gave the evidence the most favorable construction of which it was susceptible and found no jury misconduct occurred. Monkey Grip Rubber Co. v. Walton, 122 Tex. 185, 53 S.W.2d 770.

■■ Whether or not there is jury misconduct is usually a question of fact for the trial court. Where misconduct of a jury has been established the question of probable injury justifying a new trial becomes one of law for the reviewing court and in considering this question, the courts will examine the entire record. 327 Texas Rules of Civil Procedure.

■ We hold that jury misconduct was not conclusively established. It was a question of fact and the trial court resolved this issue favorably to the appellees, based upon conflicting evidence and we have

no authority to disturb such finding. The burden is upon appellant not only to show that misconduct occurred but of also showing that the misconduct probably resulted in injury. If it should be held that misconduct occurred, we believe when the entire record is reviewed that no probable injury resulted to appellant by reason thereof. Taking the testimony in its most favorable light to appellant, there was only a passing mention by one or two of the jurors that they had smelled the odor when traveling the Highway near the plant. There is no evidence that the jurors gave any information as to the extent of such smell. We have carefully examined the points of error presented and do not find reversible error in any of them.

The judgment of the trial court is affirmed.