Kenneth D. McMILLEN and wife, Joyce Lynn McMillen, Appellants,

v.

Drs. William KLINGENSMITH and Henry E. Martinez, Appellees.

No. 8057.

Court of Civil Appeals of Texas, Amarillo.

April 27, 1970.

Rehearing Denied May 25, 1970.

Fitzjarrald & Poole and Edward L. Poole, Amarillo, for appellants.

Stone, Stone & Chambers and Ben H. Stone, Jr., Amarillo, for appellees.

NORTHCUTT, Justice.

This is a summary judgment case. On June 2, 1967, Joyce Lynn McMillen was injured in a collision with an automobile operated by William Robert Perkins. She was hospitalized in Clarendon, Texas for emergency treatment by Dr. George Smith and was transferred on June 2, 1967 to Northwest Texas Hospital in Amarillo, Texas and was there under the care of Drs. Klingensmith and Martinez for treatment of the injuries received in the automobile accident. She remained under their care in said hospital until June 9, 1967, when she was moved to Bakersfield, California.

On May 2, 1968, Mr. and Mrs. McMillen made and entered into a release of all claims with William Robert Perkins for the sum of $7,900.00 and then on May 22, 1969, they brought this suit against Drs. Klingensmith and Martinez for damages in the sum of $200,000.00. Mr. and Mrs. McMillen will hereafter be referred to as plaintiffs and Drs. Klingensmith and Martinez as defendants. The plaintiffs pleaded the defendants were negligent in failing to properly diagnose or treat the laryngeal injuries sustained by Mrs. McMillen, and such failure was a proximate cause of her disabilities and damages and set out several claims of negligence.

The defendants answered setting out the release made and entered into and between the plaintiffs and Perkins, and the check for the $7,900.00 which was accepted and cashed by the plaintiffs, and contended that said release constituted a release by the plaintiffs of the cause of action asserted against them in plaintiffs' petition and constituted a bar to this suit. By said release Perkins was completely released from any and all claims. The check for the $7,900.00 made payable and endorsed by plaintiffs provided as follows: "In full compromise settlement of any and all claims arising out of above accident."

On October 13, 1969, a summary judgment was entered that plaintiffs take nothing by their suit. The judgment provided: "It appearing to the court that the plaintiffs heretofore did, for valuable consideration, execute and deliver to one William Robert Perkins the release attached to the stipulation and identified as 'Exhibit 3' thereto, the court finds that said release constitutes a complete bar to plaintiffs' cause of action herein asserted and that the defendants' motion for summary judgment should be granted."

From that judgment, the plaintiffs perfected this appeal upon three points of error as follows:

"POINT ONE. The trial court has committed an error of substantive law.

POINT TWO. The trial court erred in entering its order granting the appellees' motion for summary judgment.

POINT THREE. The trial court erred in holding that as a matter of law, the appellants' execution of a release to the tort-feasor causing the original injury to appellants was a full and complete release to the appellees, who were responsible for damages to appellants through their lack of due care in the treatment of appellant Joyce Lynn McMillen."

The sole issue here involved is did the trial court err in holding that the release, supra, constituted a complete bar to plaintiffs' cause of action. The plaintiffs herein contend that they have fully raised the

issue of whether or not they intended to release these defendants for their negligent treatment of the original injury. It is stated in Armstreet v. Greer, Tex.Civ.App., 411 S.W.2d 403 (n.r.e.) as follows:

"It is the general rule followed by numerous Texas decisions that a valid release of one or more joint tort-feasors by an injured party will release all other tort-feasors contributing to the wrong, unless the language of the release indicates an intention of the parties that the nonsettling parties are not discharged. Riley v. Industrial Finance Service Company, 157 Tex. 306, 302 S.W.2d 652 (1957); City of Coleman v. Kenley, 168 S.W.2d 926, (Tex.Civ.App., 1943, ref., w.o.m.). The matter of release, of course, is a matter of intention and generally, in the absence of fraud, accident, or mutual mistake, parol evidence is inadmissible to contradict the terms of a written instrument that on its face is complete and unambiguous. Rapid Transit Ry. Co. v. Smith, 98 Tex. 553, 86 S.W. 322, (1905). In some instances, however, where the release is silent on a controverted point, parol evidence may be offered to supply its imperfections or supply those things about which it makes no declaration. Fort Worth & Denver City Ry. Co. v. Larson, 169 S.W.2d 260, (Tex.Civ.App., 1943, ref., w.o.m.) and Ditto v. Piper, 244 S.W.2d 547, (Tex. Civ.App., 1951, ref., n.r.e.)."

Under the release here in question, the intention of the parties is clearly expressed where Perkins was released of and from any and all actions, *causes of actions,* claims, demands, *damages,* costs, *loss of service,* expenses and *compensation on account of* or *in any way growing out of any and all known and unknown personal injuries* and property damages resulting *or to result* from accident that occurred on or about June 2, 1967. (Emphasis ours).

It is stated in Cannon v. Pearson, 383 S.W.2d 565 (Sup. Ct.) as follows:

"It has long been an accepted and established rule in this State that one who wrongfully injures another is liable in damages for the consequences of negligent treatment by a doctor or surgeon selected by the injured person in good faith and with ordinary care. Houston & T. C. Ry. Co. v. Hollis, 2 Willson's Civil Cases Ct.App. § 218, p. 169; City of Dallas v. Meyers, Tex.Civ.App., 55 S.W. 742, no writ history; Galveston, H. & S. A. Ry. Co. v. Miller, Tex.Civ.App., 191 S.W. 374, writ refused; Hicks Rubber Co. v. Harper, Tex.Civ.App., 131 S.W.2d 749, writ dismissed, 134 Tex. 89, 132 S. W.2d 579. The rule is also generally recognized and accepted in other state jurisdictions. 15 Am.Jur. 494–497, Damages §§ 84, 85 and 86; 8 A.L.R. 506; 39 A.L.R. 1268; 126 A.L.R. 912. Most state jurisdictions originally approved a concomitant rule that a release of the original tort-feasor operated in law to release the negligent doctor. See cases annotated in 40 A.L.R.2d 1075. This rule has been accepted as sound and applied in three cases in this State. Phillips v. Wright, Tex.Civ.App., 81 S.W.2d 129; writ dismissed; Borden v. Sneed, Tex.Civ.App., 291 S.W.2d 485, writ refused, no reversible error; Sims v. Auringer, Tex.Civ.App., 301 S.W.2d 286, writ refused, no reversible error. For an excellent review of Texas decisions relating to release of joint tort-feasors, in which the Phillips, Borden and Sims cases are noted, see 36 T.L.R. 55."

We have carefully considered all three of appellants' assignments of error and overrule all of them. Judgment of the trial court is affirmed.

DENTON, C. J., not participating.