**MORTON et al. v. JASPER.**

No. 13243.

Court of Civil Appeals of Texas. Dallas.

Dec. 18, 1942.

Rehearing Denied Jan. 15, 1943.

Sleeper, Boynton, Darden & Burleson, of Waco, and Irion & Cain, of Dallas, for appellants.

G. H. Penland and Touchstone, Wight, Gormley & Touchstone, all of Dallas, for appellee.

YOUNG, Justice.

Mrs. Addie Jasper, as plaintiff, brought suit against G. C. Morton and Lee Mitchell, copartners doing business under the trade name of Morton Potato Chip Company, for damages growing out of personal injuries; alleging same to have been sustained as the result of a collision between a truck of appellants', operated by their employe, R. C. Tennison, and Mrs. Jasper, while she was crossing Collett Street, Dallas. In a jury trial on special issues, a verdict and judgment in the sum of $2,000 were rendered for plaintiff, she being absolved of contributory negligence.

The findings upon which plaintiff's judgment was based were Issues 1 and 2, viz.: (1) "Do you find from a preponderance of the evidence that at the time and on the occasion in question, R. C. Tennison failed to keep a proper lookout? (Answer) Yes." (2) "Do you find from a preponderance of the evidence that such failure, if any, you have found, was a proximate cause of the injuries, if any, sustained by the plaintiff? (Answer) Yes." Among other terms in the court's charge, "negligence," "ordinary care" and "proximate cause" were defined; also "proper lookout," in the following language: "By the term 'proper lookout,' as used in this charge, is meant such a lookout as a person of ordinary prudence would have kept, under the same or similar circumstances."

The nine points presented in appellants' brief, charged as reversible error, may be stated in substance: (1) That Issue 1, above quoted, was duplicitous; (2) the court failed to submit a jury issue of "whether the failure of R. C. Tennison to keep a proper lookout constituted negligence," with resulting error in entry of judgment for plaintiff without any finding of negligence against appellants; (3) submission of Issue 1 was not in the language of plaintiff's pleading; thereby unduly broadening and enlarging her ground of recovery; (4) the court's insufficient definition of "proximate cause"; (5) that Issue 2 above, when considered in connection with the definition of "proximate cause," was a duplicitous submission; (6) that Issue 36, authorizing the jury to assess damages, was susceptible of a construction permitting double recovery; (7) alleged error in im-

posing upon appellants the burden of proof in the unavoidable accident issue; (8) error in refusing to allow proof of plaintiff's collateral health and accident policy, under which she collected $303.75 on account of said injuries; (9) error in permitting plaintiff to sue without joinder of husband.

It is obvious that appellants rely chiefly for reversal on their first two points just summarized, relative to the court's manner of submitting Issue 1, of whether R. C. Tennison (defendants' employe) failed to keep a proper lookout; and (2), of whether such failure was a proximate cause of the injuries sustained by the plaintiff. The principal objections to these given issues, as brought forward in appellants' brief, were: " * * * that said Issue No. 1 as submitted to the jury is duplicitous and multifarious and submits two issues, in that it inquires of the jury whether Tennison failed to keep a lookout and whether said failure was negligence, and same is improper, and this is particularly true when considered in connection with the court's definition of the term 'proper lookout.' " " * * * that said issues (1 and 2) are insufficient to predicate a judgment in this case in favor of the plaintiff for the reason that the court, in submitting to the jury the issues with respect to lookout, omits to inquire of the jury whether the failure of Tennison to keep a proper lookout on the occasion in question was negligence, and before a judgment can be predicated upon his failure to keep a proper lookout the jury must find that his failure to do so was negligence."

■■■ In this connection, it should be noted that defendants in nowise objected to the court's definition of "proper lookout," or to the giving of such instruction in the charge. We overrule appellants' contention as comprehended in their objections just stated. Issue 1 was not duplicitous, because, since Tennison, defendants' employe, had testified that he did keep a lookout, the only question remaining for the jury's determination was as to whether he kept a proper lookout, i.e., "such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances"; (see court's charge.) The jury's negative answer to the only material inquiry embodied in Issue 1, convicted defendants of negligence; and said defective lookout, being found a proximate cause of plaintiff's injuries, was adequate support for the judgment · appealed from. In short,

the form of the issue under discussion, together with the definition of "proper lookout," an integral part thereof, rendered wholly unnecessary the usual correlated issue on whether the particular act or omission constituted negligence. The same conclusion was reached by indirection in Commercial Standard Ins. Co. v. Shudde, Tex.Civ.App., 76 S.W.2d 561, 564, affirmed by Supreme Court; the direct question involved being, whether "proper lookout" should have been defined. Judge Martin, then of the Amarillo Court, there held: " 'Proper lookout' has been defined as 'such as would be kept under the circumstances existing at the time by a person of ordinary care and prudence.' Psimenos v. Huntley, Tex.Civ.App., 47 S.W.2d 622, 624. This is but a substantial definition of negligence. The orthodox method of submitting such is first to submit whether or not the offending party failed to keep a 'proper lookout,' and, second, was such failure, if any, negligence? Thus it appears in some of the issues submitted in this case. * * * Translated into its effect the appellants contend that the trial court should have twice submitted the existence of negligence. Thus: Did A fail to keep a 'proper lookout,' that is, did A fail to do that which a person of ordinary prudence would do under the same or similar circumstances? Second, was such failure, if any, negligence, that is, did A fail to do that which a person of ordinary prudence would do under the same or similar circumstances? Two submissions of the same issue are never required * * *."

Consistent with the Shudde case is Gillette Motor Transport v. Lucas, Tex.Civ.App., 138 S.W.2d 887, 890, error dismissed, judgment correct, where the contention was made of a "fatal hiatus," following an issue on proper lookout, in that, it was not supplemented by an issue of whether the failure to keep the lookout therein inquired about was negligence. We quote from the opinion of the court: "Nor is it thought there is anything prejudicial to appellant in the court's refusal to give its requested issue in effect submitting again the inquiry whether appellee had been guilty of negligence in his alleged failure to keep a proper lookout for motor-vehicles approaching the place of the injury; it is concluded that the court's issue No. 9, taken with its connected definitions of both 'negligence' and 'proper lookout', properly submitted the two phases or branches of appellant's defense of contributory negli-

gence, both of which had to be found in its favor before such defense could be established; in other words, and especially as applicable here, such a definition as the court gave of 'proper lookout', included the element of negligence as an inherent and integral part thereof. Indeed, that method of submission, in such circumstances, seems to be quite a generally used one. Missouri, K. & T. R. Co. v. Long, Tex.Civ.App., 23 S.W.2d 401, writ of error refused."

Appellants cite Dallas Hotel Co. v. Davison, Tex.Com.App., 23 S.W.2d 708, as in full support of their position, but the case is not similar in fact. There, negligence was charged against the hotel in maintaining a defective bolt on the room door of Davison, a guest. The words "suitable bolt" were not defined in terms of any standard of care prescribed by law; and no issue of negligence requested or submitted in such connection. In, the case at bar, as already seen, the issue of negligence was implicit in Issue 1, reading into it, as required by the charge, the legal definition of "proper lookout"; and "two submissions of the same issue are never required." Commercial Standard Ins. Co. v. Shudde, supra.

We have carefully studied appellants' remaining assignments and find them without merit. It is sufficient to state in regard thereto that appellee has countered with numerous decisions directly in support of the particular rulings, instructions and issues under attack; thus demonstrating that this record, in the particulars complained of, discloses no reversible error. The trial court's judgment is affirmed.

Affirmed.