STEPTORE v. SAN ANTONIO
TRANSIT CO.

No. 11637.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 20, 1946.

Rehearing Denied Dec. 18, 1946.

274

G. Woodson Morris and J. R. Cade, both of San Antonio, for appellant.

Brewer, Matthews, Nowlin & Macfarlane, W. F. Nowlin, and Grady Barrett, all of San Antonio, for appellee.

MURRAY, Justice.

This is a suit to recover damages for alleged personal injuries instituted by Baby Doll Steptore as plaintiff against the San Antonio Transit Company.

Appellant alleged, among other things, that on or about the 22d day of August, 1944, she was a passenger on one of the defendant's buses, going west on Commerce Street in the City of San Antonio, Bexar County, Texas having boarded same at the corner of Iowa and Pine Streets, at about 6:30 a.m., and having duly and regularly paid the fare required of her by defendant at the time of her entry thereon; that a reasonable length of time before the bus reached the corner of Commerce and North Alamo Streets, in said City, the electric bell or buzzer on said bus was rung to signify to the operator thereof that a stop was desired at said corner; that, in response to said bell or buzzer, the operator of said bus stopped it on said corner, and that thereupon plaintiff started to leave said bus from the center door thereof, but before being able to do so the operator of the bus caused same to suddenly lunge violently forward, and she was thereby thrown down from the bus on the hard pavement and against the curbing of said street, and was severely and permanently injured, etc.

The cause was submitted to a jury upon a number of special issues, the first of which was as follows:

"Question No. 1: Do you find from a preponderance of the evidence that the plaintiff, Baby Doll Steptore, was a passenger, for hire, on one of defendant's buses in the morning on or about August 22, 1944?"

The jury answered the question "No" and did not answer other issues propounded.

The trial court entered judgment that plaintiff take nothing and from that judgment Baby Doll Steptore has prosecuted this appeal.

Appellant's first point is as follows:

"The Court committed reversible error in admitting in evidence over the objection of plaintiff, while Barbara Schwartz, a witness for defendant was testifying the following written memorandum made by the witness:—

" 'From B. J. Schwartz to C. T. Hennessey Subject Claim report. Date August 26th, 1944. On this date a friend of Baby Doll Steptore, 619 Iowa, called in at 9:10 A.M. to report that Miss Steptore was injured on one of our busses yesterday. As Miss Steptore was alighting from the bus she claims that she was thrown to the pavement.' It is signed 'bjs,' because same is purely hearsay, and is not shown to have been made in the presence or hearing of plaintiff, or by her duly authorized agent or representative, and same is very harmful error to plaintiff."

Appellant contends that the evidence does not show that the friend who phoned Barbara Schwartz and reported the alleged injury of appellant was her agent and was authorized by her to make such call. She further contends that the admission in evidence of the memorandum was injurious and prejudicial to appellant because it stated, in effect, that the accident occurred on August 25, 1944, when all the other evidence tended to show that the accident, if any, occurred on August 22, 1944. We overrule the contention. The evidence shows that appellant asked her landlady, Dessaline Mason, to phone the company and report her injuries. Dessaline Mason testified that pursuant to such instructions she did call the company and report the injury. Barbara Schwartz, an employe of

the company, testified that she did receive such a telephone call but did not get the name of the person phoning, but did recognize the voice as that of a lady. We feel that the circumstances are such that it properly can be deducted that Dessaline Mason was the person who phoned Barbara Schwartz, and that she did so at the request of appellant. Universal Credit Co. v. Cole, Tex.Civ.App., 146 S.W.2d 222.

 We agree with appellant's contention that agency cannot be shown by the declarations of the alleged agent, but this rule does not prevent an alleged agent from testifying under oath at the trial of the cause as to the facts of his or her agency. Yellow Cab Co. v. McCloskey, Tex.Civ. App., 82 S.W.2d 1042. Such rule refers to extrajudicial declarations.

Appellant's second and third points are as follows:

"Point Two—The Court committed reversible error in admitting in evidence over objection of plaintiff the testimony of the witness for the defendant, Barbara J. Schwartz, to the effect that she found no report of any accident of Baby Doll Steptore in the files of the defendant Company as shown more full by plaintiff's bill of exception No. 3.

"Point Three—The Court committed reversible error in admitting in evidence testimony of witness for defendant, Barbara J. Schwartz, over objection of the plaintiff, that the rules and regulations of the Company (defendant) require bus operators to make report of any accident involving the busses, as more fully shown by plaintiff's bill of Exception No. 3, because same is self-serving and involves usages and custom, and is in no way binding upon plaintiff."

The testimony of Barbara Schwartz that she was unable to find a report of the alleged accident by any bus driver in the files of the Company was properly admitted as supporting the allegation of appellee that it had no knowledge of the accident. However, if there was any error committed in admitting this testimony it became harmless when the witness W. J. Lee was permitted without objection to testify to

the same fact. Culwell v. Shann, Tex.Civ. App., 184 S.W.2d 537.

The testimony given by Barbara Schwartz to the effect that the rules and regulations of the Company require all bus operators to make a report of all accidents involving a bus was given before any objection was urged, and no motion to strike was made; under such circumstances no reversible error is presented. 3 Tex.Jur. p. 191, § 128.

The objection made "because it would in no wise bind the plaintiff in this case" was, in any event, too general to be considered. 3 Tex. Jur. 190, § 127.

In view of the fact that the jury found in effect that the accident did not occur, appellant's other points become immaterial and therefore will not be discussed.

The judgment is affirmed.