### COCA-COLA BOTTLING CO. v. KRUEGER et ux.

No. 9964.

Court of Civil Appeals of Texas. Austin.

May 2, 1951.

Rehearing Denied May 23, 1951.

Scott Snodgrass, San Angelo, for appellant.

Clyde Vinson and William C. McDonald, both of San Angelo, for appellees.

GRAY, Justice.

This appeal is from a judgment awarding appellees damages as the result of a collision of their automobile and a truck in the intersection of Avenue N and Austin Street, in the City of San Angelo.

Appelles alleged that appellant was the owner of the truck; that at the time it was operated by appellant's agent, servant and employee; and alleged specific acts of negligence on the part of the driver. Appellant answered by a general denial, alleged specific acts of negligence on the part of the driver of the automobile, and, in the alternative, that the collision was an unavoidable accident.

The facts show that at about 3:30 p. m., April 13, 1950, appellees, husband and wife, were traveling west on Avenue N; that the husband, William L. Krueger, was driving; that at the same time a truck driven by Luke Wilson was traveling north on Austin Street, and that the car and truck collided in the northwesterly quadrant of the street intersection.

In answer to special issues, the jury found: that appellees' automobile entered the street intersection before the truck driven by "the defendant's employee, Wilson"; that "the driver of defendant's truck" failed to yield the right of way to appellees' automobile; that "the driver of defendant's truck" was operating the same at a greater rate of speed than an ordinary prudent person would have under the same or similar circumstances; and that "the driver of defendant's truck" failed to keep a proper lookout. By their answers to separate issues, the jury found: that the failure to yield the right of way, the operation of the truck at a greater rate of speed than a person of ordinary prudence would have under the same or similar circumstances, and the failure to keep a proper lookout was each a proximate cause of the collision. No issue was submitted asking whether or not either of these acts was negligence. The jury found the collision

was not an unavoidable accident, and found the amount of damages sustained by appellees.

Appellant's first point is to the effect that the trial court erred in rendering any judgment against it because there was no jury finding as to its ownership of the truck, or as to its responsibility for the acts of its driver.

Appellees sued appellant, "Coca-Cola Bottling Company of San Angelo, a Texas corporation." Appellant answered by a general denial, and further plead "* * * that plaintiff William L. Krueger at the time and place in question was negligent in one or more of the following respects: * * * (d) he failed to yield the right of way to defendant's truck, which was the first of the two vehicles to enter the intersection."

This pleading did not relieve appellees of their burden of proving that appellant was the owner of the truck as alleged, and its responsibility for the acts of the driver at the time of the collision. 8 Tex. Jur.Sup., p. 292, Sec. 215.

Luke Wilson testified he was driving the truck involved in the collision; that he had been driving for Coca-Cola Company since about 1937; that at the time he was on regular routine work, and was training a route man. This evidence was admissible. Steptore v. San Antonio Transit Co., Tex.Civ.App., 198 S.W.2d 273; 2 Tex.Jur., p. 538, Sec. 137. The truck was referred to by the witness as the Coca-Cola truck, and there was testimony that it was an open truck with Coca-Cola bottles and crates visible. There is no testimony in the record which can be construed as disputing the foregoing. The fact that appellant failed to offer any evidence as to its ownership of the truck and appellant's relationship to Luke Wilson added probative force to his testimony and the circumstances in evidence. Norris Bros. v. Mattinson, Tex.Civ.App., 145 S.W.2d 204; 17 Tex.Jur., p. 306, Sec. 87.

Under the record before us, appellant's ownership of the truck, or at any rate, its responsibility for the acts of the driver, was not disputed. The trial court

was required to submit only the controverted issues. Rule 272, Texas Rules of Civil Procedure; Hebert v. New Amsterdam Casualty Co., Tex.Com.App., 3 S.W.2d 425; 41 Tex.Jur., p. 107, Sec. 260.

■ Because these issues were not disputed issues, there was no necessity to have a jury finding thereon.

Appellant objected to the court's charge because it did not submit an issue on unavoidable accident, the court amended the charge submitting such issue, and thereupon appellant objected to the issue because it did not place the burden of proof on appellees.

■ It is our opinion that the issue of unavoidable accident was not raised by the evidence. So far as the evidence shows, the automobile and the truck were the only vehicles at the intersection at the time of the collision. The driver of the automobile testified to facts which raised only issues as to negligence of the driver of the truck. The truck driver said he approached the intersection driving no more than twenty-five or twenty-eight miles an hour; that he "cleared" on his right and turned to the left to "clear" the road on his left; that as he looked back to the west to "clear" his traffic lane there, Mr. Bobo (the route man he was training) said, "look out, Luke, here he comes." The driver further said: "He was in there on me before I had time to know he was there; when I looked he was no more than ten feet from me," and further that, "The only thing I could do was try to swerve to the left; he was on me too fast." According to the testimony of the driver of the automobile, the truck was in his view after he crossed a railroad track some sixty or seventy feet east from Austin Street. Neither driver (or other witnesses) testified to any condition obstructing their view. There was no evidence to suggest that anything other than the negligence of the drivers caused the collision. The drivers approached the street intersection with nothing to obstruct their respective views, the streets were paved and there was no unusual condition to cause the automobile, or the truck, to skid or become out of control. Unavoidable accident was not raised by the evidence and was not an issue. Magnolia Coca Cola Bottling Co. v. Jordan, 124 Tex. 347, 78 S.W.2d 944, 97 A.L.R. 1513; Hicks v. Brown, 136 Tex. 399, 151 S.W.2d 790; Texas & N. O. Ry. Co. v. Crow, 132 Tex. 465, 123 S.W.2d 649; Dallas Ry. & Terminal Co. v. Darden, Tex.Com.App., 38 S.W.2d 777; Good v. Born, Tex.Civ.App., 197 S. W.2d 589, Er.Ref.N.R.E. Therefore, appellant's point does not, in any event, present error.

The trial court gave the following instruction to the jury: "You are instructed that when two motor vehicles approach and enter into a street intersection the vehicle that first enters said intersection has the right of way over the other vehicle; also that when two vehicles enter into a street intersection at approximately the same time the vehicle entering from the right-hand side has the right of way over the other vehicle."

Appellant objected to this instruction on the ground that it was a general charge, was not needed for a proper submission of the cause, and was prejudicial.

■■ Except where controlled by local ordinances or regulations, Section E of Article 801, Vernon's Ann.P.C., requires that the operator of a vehicle approaching an intersection to yield the right of way to a vehicle approaching such intersection from the right. This is a statute of which all persons are required to take notice; however, in a negligence case it is subject to the qualification that persons approaching an intersection must exercise a proper regard for their own safety and the safety of others. Lewis v. Martin, Tex.Civ.App., 120 S.W.2d 910, Er.Ref.; Checker Cab Co. v. Wagner, Tex.Civ.App., 199 S.W.2d 791.

Both appellant and appellees alleged that their respective vehicle first entered the intersection, and each alleged the other was negligent in not yielding the right of way. The physical facts and the testimony placed appellees to the right of appellant's truck; the driver of the automobile testified that he first entered the intersection and the driver of the truck said he first saw the automobile when it was in ten feet of him,

at which time both vehicles were in the intersection.

The jury's findings upon which the judgment was based were (1) the automobile entered the intersection before the truck, (2) the truck driver failed to yield the right of way to the automobile, (3) such failure was a proximate cause of the collision, (4) the truck driver was traveling at a greater speed than that at which an ordinarily prudent person would have been driving, (5) this speed was a proximate cause of the collision, (6) the truck driver failed to keep a proper lookout, (7) and this failure constituted a proximate cause of the collision, (8) that the truck did not enter the intersection before the automobile, (9) that the driver of the automobile did not fail to yield the right of way to the truck; (10) that the automobile was not being driven at an excessive rate of speed, and (11) that William L. Krueger did not fail to keep a proper lookout.

Rule 277, Texas Rules Civil Procedure, in part, provides: "* * * In submitting special issues the court shall submit such explanatory instructions and such definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues, and in such instances the charge shall not be subject to the objection that it is a general charge. * * *"

In view of issues numbered (1), (2), (8) and (9), supra, it is difficult to see of what assistance the instruction could have been to the jury in answering any issue except issue number (3), supra. Boaz v. White's Auto Stores, 141 Tex. 366, 172 S.W.2d 481.

In Dallas Ry. & Terminal Co. v. Orr, Tex.Civ.App., 210 S.W.2d 863, the court held the giving of an instruction similar to the one under consideration here was not error, but further held that if the giving of the instruction was error it was harmless because of other acts of negligence which proximately caused the injuries. This cause was affirmed by the Supreme Court, —Dallas Ry. & Terminal Co. v. Orr, 147 Tex. 383, 215 S.W.2d 862. However, the Supreme Court did not discuss any question relative to the giving of the instruction.

In his charge, the trial court gave definitions of "ordinary care", "negligence", and "proper lookout". These definitions were sufficiently included in issues numbered (4), (6), (10) and (11), supra, that, by the answers to those issues, the jury convicted Wilson and exonerated Krueger of negligence. Morton v. Jasper, Tex.Civ. App., 167 S.W.2d 541, Er.Ref.W.M. By their answers to issues (5) and (7), supra, the jury found that the speed at which Wilson was driving and his failure to keep a proper lookout was each a proximate cause of the collision. These findings were sufficient to establish appellant's liability independent of the issues relative to the intersection, Dallas Ry. & Terminal Co. v. Orr, Tex.Civ.App., 210 S.W.2d 863, supra; Morton v. Jasper, supra; and it was not necessary that issues be submitted for a finding that such acts were negligence. Morton v. Jasper, supra.

The giving of the instruction could not have prejudiced the rights of appellant. There is no factual basis in the evidence to support an argument that Wilson may have thought he had the right of way. He did not, and neither did any other witness, say that he was the first to enter the intersection, but said the first time he saw the automobile it was in ten feet of him. He did say he looked to his right and to his left and that he did not see the automobile, but he did not say his view was obstructed. His failure to see, even though he looked, would not excuse negligence and give the right of way in the absence of some excuse for such failure to see. Lackey v. Gulf, C. & S. F. Ry. Co., Tex.Civ.App., 225 S.W.2d 630.

Because findings, wholly independent of the instruction complained of, were made by the jury sufficient to support the judgment rendered, and because such findings could not have been influenced by the instruction, no prejudice to the rights of appellant is shown and reversible error is not presented. Rule 434, Texas Rules Civ. Proc.; 3–B Tex.Jur., p. 689, Sec. 1048.

In connection with the issue as to the amount of money which would compensate appellees for the injuries sustained by Mrs.

Krueger, the trial court gave the following instruction: "You may take into consideration the following elements and none other; physical and mental pain suffered in the past to this date, if any you have found she suffered, and for physical pain and suffering she may reasonably be expected to suffer in the future, and for permanent scars, if any, on Mrs. Krueger's face, if any, and for necessary and reasonable medical and hospital expenses incurred in the past for injuries resulting directly and proximately from the collision in question."

Appellant objected to that part of the instruction which told the jury it might take into consideration necessary and reasonable medical and hospital expenses incurred.

There is no showing of the cost of any hospital expense and we are in no position to say the jury allowed any.

Appellant further objected that there was no evidence to show that Mrs. Krueger suffered any mental pain.

The evidence shows Mrs. Krueger was thrown out of the automobile on to the pavement; that she was rendered unconscious, was first taken to Shannon Hospital and was later treated at an army hospital; that she suffered lacerations about her forehead and left eye which were sewed up; that X-rays and a blood count were recommended; that operations to remove a pebble and scar tissue were performed by Dr. Williams, and that a further operation was necessary. She was treated by Dr. Landy and Dr. Williams, both civilians. She was also treated by Dr. Harvey, an army doctor. No charge was made by Dr. Harvey. Dr. Williams testified that his usual charge for the operations he performed for Mrs. Krueger was $25 or $30 each, and that another operation would probably be necessary. Dr. Landy testified that the reasonable cost of his medical treatment of Mrs. Krueger was at least $150, and that Mrs. Krueger paid a monthly cost, and said that the reasonable cost of his and Dr. Williams' treatments would be $200 or $250. Mrs Krueger testified she was twenty-six years old and that prior to the accident she had no scars on her face, was healthy and able to do all of her work; that after the accident she was

suffering in her left hip; that it is "touchy" where the bruise was under her knee and the bone on her knee; that she had headaches; that she generally had to lie down in the afternoons because of headaches; that she had been taking sedatives, and that she could not go to sleep very easily.

We think the evidence was sufficient to show that some medical expense had been incurred; that Mrs. Krueger had suffered mental and physical pain in the past, and that it was reasonable to expect she would suffer such pain in the future.

Appellant objected to the following hypothetical question propounded to Dr. Landy: "Q. Doctor, from your examination, and assuming the evidence shows Mrs. Krueger was involved in an automobile collision on April 13, 1950, and prior to that time she was a well woman, suffered no headache, able to do her housework without any handicap, slept well and suffered no pain, had none of these bruises and abrasions on her, scars that you have found there from her, from the examination, and that in that collision on April 13th of this year, automobile collision, collision of the car in which she was riding, with a truck, that she was thrown out of her car on to the pavement and she was, suffered lacerations of the skin, wound, and hit the pavement, in other words, evidently severe blows, hit the car, some object, in other words, that caused these cuts and bruises, and she was knocked out or unconscious and taken to the hospital and there treated, that since then she's— of course, she had these abrasions they cleaned up and treated and sewed up, sutured, and she has had headaches since then, as given to you in the history of the case in your treatment, and she had been highly nervous, difficult in other words, hasn't slept well, in your opinion is there any connection between these conditions which she complained of and suffered since then and that wreck? In other words, the impact or blow she received in the wreck?"

Appellant's objection was overruled and the witness answered: "I didn't see her on admission. She was seen by Captain——." Appellees' counsel then asked and the witness answered as follows:

"Q. Assuming these facts to be true, would you place any connection between headaches and pain and suffering and that collision as the cause of it? In other words, you feel there is any causal connection? A. There's a definite relation, yes, that they were caused by concussion, headaches."

Appellant's complaint is that the question assumed that Mrs. Krueger had suffered from headaches "as given to you in the history of the case in your treatment." It is not shown what statements were given as to the history of the case, and which would have been a matter for legitimate cross-examination. Generally the statements made which enable the physician to diagnose the case are admissible if not made when the physician is examining the party in order to testify as a witness. Southwestern Greyhound Lines v. Dickson, Tex.Civ.App., 219 S.W.2d 592, and authorities there cited. Mrs. Krueger's testimony that she suffered from headaches was before the jury, and the witness seems to have limited his answer by saying the headaches were caused by the collision. As supporting his argument, appellant quotes from Chamberlain's Handbook on Evidence, p. 631, as follows: "In order that a fact may be admitted into the enumeration as part of a hypothetical question it must be so far established in the evidence that a jury might rationally find that it exists."

We think appellant's point does not present error.

Appellant objected to a statement by the witness Hammer as to why appellees' automobile traveled some seventy or ninety feet after the collision. This witness saw both vehicles prior to the collision, witnessed the collision and was present at the scene immediately afterwards. There was other evidence that the automobile did travel some seventy or ninety feet after the collision. This witness was asked if he could explain why the automobile traveled this distance and said he could. He said the vehicles were coming towards the intersection; that the streets did not come together at right angles; that the truck was on a curve and did not hit the automobile at a right angle but hit traveling at an angle which would naturally turn it around, and said that was his explanation. This was the expression of a conclusion from facts the witness saw and which could not be accurately reproduced before the jury. The explanation did not dispute other facts then before the jury and no harm could have resulted to appellant.

By separate issues the jury found the reasonable cash market value of appellees' automobile immediately before and immediately after the collision. Appellant says these findings were founded on the incompetent testimony of the witness Stephens,—a used car dealer, who qualified himself to testify to such values. The witness was shown pictures of the automobile before and after the collision, and was asked a hypothetical question wherein it was stated the automobile was in "excellent" condition, while appellee William L. Krueger said it was in "good" condition before the collision. We think appellant's objection goes to the weight rather than the admissibility of the evidence.

The judgment of the trial court is affirmed.

Affirmed.