**Annie May TUDOR et vir, Appellants,**

v.

**Mildred May THOMAS et al., Appellees.**

No. 6670.

Court of Civil Appeals of Texas.

Amarillo.

April 15, 1957.

Rehearing Denied May 13, 1957.

**734**

Campbell & Brock, Lubbock, for appellants.

Thomas L. Clinton, Lubbock, for appellees.

PITTS, Chief Justice.

Appellees, Mildred C. Thomas, independent executrix of the estate of her uncle, Paul T. Jones, deceased, as such and in her individual capacity, together with several other named heirs and other claimants, filed this suit on November 7, 1953, against appellant, Annie May (Jones) Tudor, joined later by her husband, R. H. Tudor, for specific performance of a sales contract between the parties, alleging that appellant sought to avoid performance of a binding contract after its terms had been agreed upon by the parties. Appellees further alleged that appellant, who owned a life estate in a house and lot located in Lubbock County, Texas, agreed to buy from appellees the remainder estate in the said house and lot for a consideration of $5,800 and thereafter refused to comply with the terms of the agreement, which refusal resulted in the filing of this suit. The case was tried to a jury, which returned a verdict in effect favorable to appellees and judgment was accordingly rendered, from which judgment appellant perfected an appeal.

The record reveals that as a result of appellant's first marriage she had grown children but none of them living with her; that she thereafter on March 18, 1950, married Dr. Paul T. Jones who died testate on January 30, 1951; that Dr. Jones had also been previously married but had no children by either marriage; that he executed a will of date October 6, 1948, some four or five days after his first wife died, willing and bequeathing all of his property to his next of kin who are appellees herein; that after his death appellant, as a surviving widow, obtained an order from the probate court appointing her temporary administratrix of the estate of Dr. Paul T. Jones, deceased, and she also offered for probate a will purported to have been executed by Dr. Paul T. Jones during his lifetime on December 12, 1950; that appellee, Mildred C. Thomas, joined by certain other appellees, offered for probate the will of date October 6, 1948, executed by Dr. Paul T. Jones, deceased, and likewise sought to have appellant herein removed as administratrix of the estate of Dr. Paul T. Jones, deceased; that the issues of removal of appellant herein as administratrix and the two separate applications for the probate of the two sepa-

rate wills allegedly executed by Dr. Paul T. Jones, deceased, reached the district court on appeal for trial and all actions between the same parties therein named were consolidated for trial; that the consolidated issues went to trial before a jury on February 11, 1952, but all parties thereafter on February 18, 1952, reached an "amicable and satisfactory settlement" as a result of which an agreed final judgment was rendered declaring the purported will of Dr. Paul Jones, deceased, of date December 12, 1950, offered for probate by appellant, invalid and denying it to probate and declaring the will of Dr. Paul T. Jones, deceased, executed on October 6, 1948, offered for probate by appellees to be valid and the same was admitted to probate; that the agreed judgment further removed appellant herein as administratrix of the estate of Dr. Paul T. Jones, deceased, and appointed appellee, Mildred C. Thomas, independent executrix of the estate of Dr. Paul T. Jones, deceased, as provided for in the will admitted to probate; that in the agreed judgment appellant herein was awarded a life estate in the house and lot here involved with the remainder estate vested in the devisees and legatees of the will admitted to probate who are appellees herein. By reason of the agreed judgment other appellees herein named also acquired interests in the remainder estate. In her pleadings in this action appellant admits that appellees here owned the remainder estate in the property here involved or that in any event title to such was vested in them by reason of the settlement and agreed final judgment entered vesting title to the property in all of them as previously herein shown.

As a result of this related background we find from the record that appellant, acting through her alleged agent, Houston H. Boyd, proposed by letters duly written, posted and received by Hon. Albert P. Smith, attorney and acting agent for appellees herein, to buy from appellees the remainder estate in the house and lot here involved for a consideration of $5,800 in cash if the offer was accepted prior to June 30, 1953; that on June 16, 1953, Albert P. Smith, acting for himself and the other appellees herein, accepted by letter the said proposal in the following language: "We accept the $5800.00 offer of Mrs. Jones"; that by letter thereafter of date next day, June 17, 1953, written by appellant's alleged agent, Houston H. Boyd, addressed to, posted and received by Albert P. Smith, said in part: "I am sorry to report to you that Mrs. Jones reneged on her 'offer' for your equity in this property." The filing by appellees of this case against appellant resulted after she sought to repudiate her proposal or offer made to appellees through her said alleged agent and her present husband, R. H. Tudor, whom she married after this action was filed, was made a party pro forma to the suit.

The case was tried to a jury which returned a verdict finding that appellant authorized Houston H. Boyd to make an offer of $5,800 cash to Albert Smith for the interest of the remaindermen of the property in question. By reason of the jury verdict and other facts conclusively established, the trial court concluded in effect that there existed a binding contract in writing between the parties and rendered judgment accordingly for appellees and against appellant, whose name was then Annie May Tudor, for the sum of $5,800 since appellees "tendered into the registry of the court a proper and sufficient deed of conveyance," conveying their remainderman's interests in the property in question to appellant, Annie May Tudor, for the consideration of $5,800.

Appellant perfected her appeal and presents several points of error. She denied authorizing Houston H. Boyd to make the offer or proposal in question to Albert P. Smith but Houston H. Boyd testified that appellant did instruct him to make the offer in question for her to Albert P. Smith, and he made the said offer in accordance with her instructions. Boyd further testified in effect that appellant gave him full authority to make the offer in question and

in the letter making the offer, which letter is in evidence, Boyd said among other things: "I have full authority from Mrs. Jones to make you this offer and to handle the details for her." During the negotiations which resulted in the alleged agreement several letters passed between Houston H. Boyd and Albert P. Smith, all of which are in evidence, and a proper construction of them reveals conclusively that the offer in question was made by Boyd and accepted by Smith prior to June 30, 1953. Mrs. Annie May (Jones) Tudor testified that Houston H. Boyd discussed the transaction with her several times, twice in his own office, once or more at the place where she worked, and more than once over the telephone. She further testified that she talked to Boyd about the letter he wrote making the offer and that he showed to her or read to her all of the letters he received from Albert Smith, or told her about all of such and that she knew the contents of all the letters.

■ In our opinion appellant's testimony, when considered most favorably in support of the jury finding, fully corroborates that given by Houston H. Boyd on the question of his agency and authority from appellant to make the proposal or offer in question to Albert P. Smith and the evidence certainly fully supports the answer by the jury of the controlling question presented to it. Although Houston H. Boyd's authority and the question of his agency was challenged by appellant, he had a right to testify about the facts in the case. Steptore v. San Antonio Transit Co., Tex.Civ.App., 198 S.W.2d 273, 2 Tex. Jur. 538, Sec. 137. Under such circumstances as exist here it was not necessary for Boyd's authority as an agent to be expressed in writing. Adams v. Abbott, 151 Tex. 601, 254 S.W.2d 78.

■ Appellant has also raised some question about the form of submission of the only issue submitted to the jury, which was presented in the following language:

"Do you find from a preponderance of the evidence that the defendant, Mrs. Anna Mae Jones, authorized Houston Boyd to make an offer of $5800.00 cash to Albert Smith for the interest of all remaindermen in the property in Westgate Drive Addition to the City of Lubbock?"

The jury answered the question in the affirmative. The issue as presented was supported by the pleadings and was the only ultimate question controverted by the evidence.

In 2 Tex.Jur. 384–385, Sec. 5, it is said:

"'One who acts in my behalf, for my advantage, by my authority, is my agent.'"

In the case of Brinker v. First Nat. Bank of Cleveland, Okl., 37 S.W.2d 136, 140, the Commission of Appeals said in part:

"The relationship of agency is created, in its broadest sense, when one person acts for or represents another by the latter's authority (2 Tex.Jur. 384; 2 C.J. 419), and is implied from the conduct of the parties and the circumstances of the particular case (Holmes v. Tyner [Tex.Civ.App.] 179 S.W. 887)."

■ The language of the issue as submitted meets the approval of Speer's Law of Special Issues in Texas, Page 734, Sec. 574. We find no fault with the language or the form of the issue as submitted. The evidence conclusively reveals that the proposal or offer was made to Smith by Boyd for appellant and was accepted by Smith acting for himself and the other appellees. When appellant authorized Boyd to make the offer to Smith, Boyd became appellant's agent and she became bound when Smith accepted the offer.

In our opinion the record supports the trial court's judgment. Appellant's points of error to the contrary are all overruled and the judgment of the trial court is affirmed.